LANCE, Appellee v. SLUSHER, JR. et, Appellants; LOCKLAND LUMBER COMPANY et, Appellees.

Ohio Appeals, First District, Hamilton County.

No. 6384. Decided March 20, 1944.

Mr. Paul O. Grischy, Cincinnati, Mr. Edward J. Corcoran, Cincinnati, and Mr. Gerritt J. Fredriks, Cincinnati, for William J. Lance.

Mr. Harry H. Baker, Cincinnati, for Lockland Lumber Company.

Mr. Louis J. Warm, Cincinnati, for Coppies, Inc.

Mr. Philip J. Kennedy, Cincinnati, for National Heating Company.

Messrs. Ginocchio & Ginocchio, Cincinnati, for Harley J. Slusher, Jr., Dolores Slusher and Peter Cassinelli.

## OPINION

By MATTHEWS, J.

This is an appeal on questions of law only from a judgment foreclosing a mechanic's lien. Although the amount due was in dispute, the trial took place without a jury before Judge Charles S. Bell, while he was on the Common Pleas bench.

While the evidence shows much confusion in the conduct of the parties in the construction of the building, the written contract between the plaintiff and Harley J. Slusher, Jr., and his wife, shows that the plaintiff was the principal contractor and that he bound himself to construct the building upon a cost plus basis.

The building was not completed and there is much conflict in the evidence as to where to lay the blame. There is substantial evidence that the plaintiff performed until the Slushers failed to make payments as the work progressed and that whatever defects existed in the work actually done resulted through their interference.

After hearing the evidence, Judge Bell found for the plaintiff and the defendant sub-contractors. This finding was spread upon the journal on November 28th, 1942. Having been elected to the Supreme Court, Judge Bell resigned as Common Pleas Judge, effective November 30th, 1942.

On December 1st, 1942, the defendants, Harley J. Slusher, Jr., Dolores Slusher, and Peter Cassinelli filed motions to set aside the findings and for a new trial, alleging as one of the grounds that the findings were manifestly against the weight of the evidence. This motion was heard by Judge Schwab, another judge of the Common Pleas Court, to whom it had been assigned for hearing. At the hearing the contention was made that as Judge Bell had ceased to be a Common Pleas Judge, the only duty of any other judge of that court to whom the motion was assigned for hearing was the non-discretionary duty of setting aside the findings and granting a new trial. Judge Schwab overruled this contention. Thereupon a complete transcript of the evidence was furnished Judge Schwab and after considering the evidence, overruled all of movant's contentions and entered judgment on the findings.

Many grounds of a technical nature were assigned in the motion, but we find that none was substantial or prejudicial.

The substantial ground assigned was that the findings were manifestly against the weight of the evidence. As to this ground we find there is ample evidence to support the findings and that no prejudicial error occurred at the trial.

We would not be justified in disturbing the judgment unless it was the non-discretionary duty of the court to set aside the findings and grant a new trial because Judge Bell who had presided at the trial had resigned. Now was it the mandatory duty to grant a new trial because of that circumstance?

It seems that such a duty did arise under common law procedure, but because of facilities for furnishing an exact transcript of the evidence and statutory changes, the reasons

for the rule have almost, if not, completely disappeared. In 39 Am. Jur., 194 and 195, it is said:

"However under statutes making provision for stenographic reports of the evidence, and enabling the succeeding judge to sign bills of exceptions, a new trial is no longer a matter of course, but it is to be granted or denied at the discretion of the succeeding judge. This is true, however, only where the judge is furnished with the information, either by stenographic notes of the evidence or otherwise, which will enable him to pass fairly and intelligently on the questions which are presented by the motion; if he cannot do so, he is required to grant a new trial."

By §11568 GC, it is enacted that:

"In case of the sickness, death, expiration of his office, or other disability of a trial judge, on request of the party preparing such bill, or of his counsel, such clerk shall forward such documents to any other judge of the district, wherein the cause is pending, who shall act thereon and dispose of the matter in the time and manner required of the trial judge."

That section seems to provide the means by which the defeated party may secure a review of the ruling and to effect the statutory change that nullifies the reason for the common law rule.

In Life & Fire Insurance Co. v. Nelson, 8 Pet. (U. S.), 303, the court said:

" 'The district judge is mistaken in supposing that no one but the judge who renders the judgment can grant a new trial. He, as the successor of his predecessor, can exercise the same powers, and has a right to act on every case that remains undecided upon the docket as fully as his predecessor could have done. The court remains the same, and the charge of the incumbents cannot, and ought not, in any respect, to injure the rights of the litigant parties.' "

Judge Schwab was an associate of Judge Bell on the Common Pleas Court of Hamilton County, which was and is a

court presided over by many judges and any one of whom having jurisdiction to hear any pending matter.

In the case at bar, Judge Schwab by reason of having a complete transcript of the testimony was in a position to exercise the sound discretion required of any tribunal clothed with judicial power.

We therefore find that Judge Schwab was empowered to exercise the jurisdiction of the court to pass upon the merits of the motion for a new trial and was not limited to the ministerial duty of setting aside the findings and awarding a new trial.

For these reasons, the judgment is affirmed.

ROSS, P. J., and HILDEBRANT, J., concur.