CRAWLEY, Judge,
dissenting.
I must respectfully dissent. At the time of the hearing, the Marshall County Treatment Center (the “Center”) knew of the hearing officer’s involvement in the certification process; nevertheless, it failed to object to the hearing officer. The challenge to the hearing officer came too late to be considered. The Center waived its objection. See Adams v. Board of Trustees of the University of South Alabama, 676 So.2d 1326, 1328 (Ala.Civ.App.1996) (citing Phillips v. Amoco Oil Co., 799 F.2d 1464, 1472 (11th Cir.1986), cert. denied, 481 U.S. 1016, 107 S.Ct. 1893, 95 L.Ed.2d 500 (1987)) (stating that a party may not “lie in wait and raise the issue of recusal after learning the outcome of the proceeding”). The Center has also failed to “overcome [the] presumption of honesty and integrity in those serving as [hearing officers].” Evans v. State Bd. of Chiropractic Examiners, 662 So.2d 262, 264 (Ala.Civ.App.1994).