DECISION AND JUDGMENT ENTRY
{¶ 1} Akron Express, Inc. ("Akron Express"), and Scott W. Snyder ("Snyder") appeal the decision of the Gallia County Court of Common Pleas granting Billy R. Witt, his wife Theresa L. Whitt, and their children, Billy Jr., Brandon, Jenifer and Jeremy Whitt (collectively referred to as "the Witts") a new trial pursuant to Civ.R. 63(B). Because the trial judge, who had not been present during the trial, failed to independently review the record and independently determine whether any of the grounds for granting a new trial enumerated in Civ.R. 59(A) were present, we find that the trial court abused its discretion in granting a new trial pursuant to Civ.R. 63(B). Accordingly, we reverse and remand the judgment of the trial court.
 I. {¶ 2} The Witts filed a complaint against Akron Express, Scott W. Snyder, Christians Constructions, and Tom B. Gibbs. In their complaint, they alleged that Scott W. Snyder was an agent of Akron Express when he was driving a semi-truck that collided with a vehicle in which Billy R. Witt was a passenger. The complaint alleged that Billy R. Witt suffered permanent injuries, lost wages, and will continue to lose wages because of the accident. The complaint further alleged that Theresa Witt and the Witt children suffered loss of consortium with Billy R. Witt.
 {¶ 3} After a jury trial, the jury found that Akron Express and Snyder's negligence proximately caused injury to Billy R. Witt and awarded him sixty thousand dollars for past medical expenses and two thousand one hundred sixty dollars in past lost wages. The jury expressly declined to award past pain and suffering damages to Billy R. Witt or any damages to his wife or children.
 {¶ 4} The Witts filed a motion for new trial pursuant to Civ.R. 49 and 59, which the trial court granted. Akron Express and Snyder appealed.
 {¶ 5} On appeal, we reversed the trial court's grant of a new trial because the "trial court's order was not sufficiently detailed to allow this court to conduct a meaningful review of the order." Witt v. AkronExpress (Feb. 1, 2002), Gallia App. No. 01CA7.
 {¶ 6} After holding a status conference, the trial court noted that the judge who had presided over the trial had retired and moved to California. The trial court found that it could not articulate the original trial judge's rationale for granting a new trial and concluded that it could not substitute its own reasons. Then the trial court stated: "Furthermore, in the interest of judicial economy, it is not practicable for the Court and the parties and the counsel to listen to the taped proceedings and review all depositions and exhibits for a three day trial without the benefit of viewing the jury, its demeanor and attitude, and observing the witnesses and getting a feeling for the atmosphere of the court room proceedings. Same would be the situation if the Court were to review the transcript of the proceedings, depositions and exhibits." Accordingly, the trial court denied the motion for new trial. The Witts appealed.
 {¶ 7} On appeal, we reversed the trial court's denial of the Witts' motion for new trial, finding that "the trial court abused its discretion by refusing to either (1) consider whether his inability to perform the original judge's duties pursuant to Civ.R. 63 entitled the Witts to a new trial pursuant to Civ.R. 63 or (2) review the merits of the Witts' motion for a new trial, which may have included a review of the evidence." Wittv. Akron Express, Gallia App. No. 02CA5, 2002-Ohio-6314, ¶ 13.
 {¶ 8} Upon our second remand, the trial court reviewed the transcript of the trial, as well as the transcript of the hearing on the motion for a new trial. However, the trial court concluded that it "[was] still unable to articulate substituted reason(s) for the retired judge's granting of a new trial." Therefore, the trial court determined that it was unable to perform "the duty placed upon it in articulating the reason(s) the retired judge granted a new trial" pursuant to Civ.R.59 and the mandate of this court. The trial court, having determined that it was satisfied that it could not perform the duties required of it, granted the Witts a new trial pursuant to Civ.R. 63(B).
 {¶ 9} Akron Express and Snyder appealed, raising the following assignment of error: "Where the record was complete, the trial court abused its discretion in granting a new trial under Ohio Civ.R. 63(B) because it could have and should have resolved the new trial issue under Ohio Civ.R. 59(A). Second New Trial Order at 3."
 I. {¶ 10} As we have previously noted, "[w]e review a trial court's grant of a new trial for an abuse of discretion." Witt v. Akron Express,
Gallia App. No. 02CA5, 2002-Ohio-6314, at ¶ 9, citing Rhode v.Farmer (1970), 23 Ohio St.2d 82, paragraph one of the syllabus. An "abuse of discretion" connotes that the court's attitude is "unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219; Booth v. Booth (1989), 44 Ohio St.3d 142, 144. In applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re JaneDoe I (1991), 57 Ohio St.3d 135, citing Berk v. Matthews (1990),53 Ohio St.3d 161.
 {¶ 11} Civ.R. 59 provides in relevant part: "(A) A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: * * * (4) [e]xcessive or inadequate damages, appearing to have been given under the influence of passion or prejudice * * *; (6) [t]he judgment is not sustained by the weight of the evidence * * *; (7) [t]he judgment is contrary to law * * *; (9) [e]rror of law occurring at the trial and brought to the attention of the trial court by the party making the application. * * * When a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted."
 {¶ 12} Civ.R. 63 provides, in relevant part: "(B) If for any reason the judge before whom an action has been tried is unable to perform the duties to be performed by the court after a verdict is returned or findings of fact and conclusions of law are filed, another judge * * * may perform those duties; but if such other judge is satisfied that he cannot perform those duties, he may in his discretion grant a new trial." To carry out these duties, the successor judge may need to familiarize him or herself with the case. See Fink, Greenbaum, and Wilson, Guide to the Ohio Rules of Civil Procedure (2003) 63-4.
 {¶ 13} Thus, a successor judge "* * * can exercise the same powers, and has a right to act on every case that remains undecided upon the docket, as fully as his predecessor could have done." Lance v.Slusher (1944), 74 Ohio App. 361, 364, quoting In re Life FireIns. Co. of New York v. Heirs of Wilson (1834), 33 U.S. 291, 303. Further, "[p]ursuant to Civ.R. 63(B), a decision whether to grant a motion for a new trial is left to the sound discretion of the succeeding judge." Adkins v. Adkins (1988), 43 Ohio App.3d 95, 100. A successor judge is not per se required to grant a new trial when faced with a motion for a new trial that questions the weight or credibility of the evidence. See Elsnau v. Weigel (1983), 5 Ohio St.3d 77, 79-80.
 {¶ 14} As we have previously noted, "[w]hile it is always desirable to have the factfinder personally observe the witnesses whose credibility he or she is called upon to determine, considerations of judicial economy may weigh against the additional delay and expense represented by a new trial. Civ.R. 63(B) leaves it to the trial court to balance these factors along with any other relevant factors in exercising its discretion whether to order a new trial." Adkins, 43 Ohio App.3d at 100. Where a transcript of the proceedings is available to the successor to the judge who presided at trial, a motion for new trial should not be granted as a matter of course, but should be decided upon its merits. Chesapeake Hocking Railway Co. v. Orr (1929), 27 Ohio N.P. (N.S.) 393.
 {¶ 15} Here, the trial court has misunderstood our mandate in the last appeal, wherein we reversed and remanded the trial court's judgment denying a new trial. We then instructed the trial court to review and decide the Witts' motion for new trial on its merits, or if the trial court was unable to perform that duty, to consider granting the Witts a new trial pursuant to Civ.R. 63(B). The trial court has failed to analyze the record and exercise its own discretion to independently determine whether a new trial would be appropriate under the relevant provisions of Civ.R. 59. Instead, the trial court has again chosen to focus upon its inability "to articulate substituted reason(s) for the retired judge's granting of a new trial." Consequently, the trial court has chosen to abdicate its own, independent discretion by determining that it is unable to articulate its predecessor's reasons for granting a new trial, and awarding a new trial pursuant to Civ.R. 63(B).[2]
 {¶ 16} Based upon the foregoing, we find that the trial court abused its discretion in granting a new trial pursuant to Civ.R. 63(B) based upon its inability to articulate the retired judge's reasons for granting a new trial. Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings, wherein the trial court shall conduct an independent analysis of the record and exercise its own discretion to independently determine whether a new trial would be appropriate under the relevant provisions of Civ.R. 59. In the event that the trial court is still satisfied that it is unable to do so, then it may once again consider granting a new trial pursuant to Civ.R. 63(B).
 {¶ 17} In their brief, Akron Express and Snyder argue that this court has original jurisdiction to resolve this action pursuant to Section 3(B)(1)(f), Article IV, Ohio Constitution, and the Ohio Supreme Court's decision in DeRolph v. State (2001), 91 Ohio St.3d 1274, 1275.
 {¶ 18} We appreciate the lengthy history of this case, including three separate appeals to this court, and the parties' desire for finality. However, the decision whether to grant or deny a motion for a new trial is left to the sound discretion of the trial court. Verbon v.Pennese (1982), 7 Ohio App.3d 182, 184. In ruling upon such a motion, "a duty devolves upon the trial court to review the evidence adduced during the trial and to itself pass upon the credibility of the witnesses and the evidence in general." Poske v. Mergl (1959), 169 Ohio St. 70, 73. Here, the trial court reviewed the record, but failed to independently exercise its discretion to determine whether the record warranted a new trial.
 {¶ 19} Our duty is to review the decision of the trial court for an abuse of discretion. If we take it upon ourselves to independently review the record, and attempt to cure the trial court's failure to exercise its discretion to render a decision upon the merits of the new trial motion, we no longer sit as a reviewing court, but, in effect, become a trial court. See Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 360. This result is in direct conflict with our mandate to review the decision for an abuse of discretion without substituting our judgment for that of the trial court. Accordingly, we decline to pass upon the merits of the Witts' motion for a new trial.
Judgment Reversed and Cause Remanded.
Harsha, J. and Abele, J., concur in Judgment and Opinion.
[2] If the trial court had simply determined, after reviewing the complete record, that it was satisfied it could not perform the duties required of it, we would have no choice but to defer to the discretion of the trial court to determine its satisfaction that it could not proceed pursuant to Civ.R. 63(B). Here, however, the trial court elaborated, explaining that it could not articulate the reason(s) that the retired judge granted a new trial, when the trial court's true duty was to determine, through its own, independent review and analysis, whether a new trial was warranted under any of the criteria prescribed in Civ.R. 59.