**WITT et al., Appellees,**

**v.**

**AKRON EXPRESS, INC., et al., Appellants.**

[Cite as *Witt v. Akron Express, Inc.*, 159 Ohio App.3d 164, 2004-Ohio-6837.]

Court of Appeals of Ohio,
Fourth District, Gallia County.

No. 04CA6.

Decided Nov. 9, 2004.

Mark A. Bramble and Ellen R. Archibald, for appellants.

Eric D. Martineau and Stephen S. DeWeese, for appellees.

---

Kline, Presiding Judge.

{¶ 1} Akron Express, Inc. and Scott W. Snyder appeal from the decision of the Gallia County Court of Common Pleas granting Billy R. Witt, his wife Theresa L. Witt, and their children, Billy Jr., Brandon, Jenifer, and Jeremy Witt, a new trial pursuant to Civ.R. 63(B). Because the successor trial judge independently reviewed the record and was satisfied that he was unable to determine whether a new trial would be appropriate under the relevant provisions of Civ.R. 59, we find that the trial court did not abuse its discretion in granting a new trial pursuant to Civ.R. 63(B). Accordingly, we affirm the judgment of the trial court.

I

{¶ 2} This is the fourth appeal in this action. It began in 1999, when the Witts filed a complaint against Akron Express, Scott W. Snyder, Christians Construction, and Tom B. Gibbs,[1] alleging that Scott W. Snyder was an agent of Akron Express when he was driving a tractor-trailer that collided with a vehicle in which Billy R. Witt was a passenger. The Witts alleged that Billy R. Witt suffered permanent injuries, lost wages, and would continue to lose wages because of the accident. They also alleged that Theresa Witt and the Witt children suffered loss of consortium with Billy R. Witt.

{¶ 3} At trial, the jury found that Akron Express and Snyder's negligence proximately caused injury to Billy R. Witt and awarded him $60,000 for past medical expenses and $2,160 in past lost wages. The jury expressly declined to award past pain and suffering damages to Billy R. Witt or any damages to his wife or children.

{¶ 4} The Witts filed a motion for new trial pursuant to Civ.R. 49 and 59, which the trial court granted. Akron Express and Snyder appealed.

{¶ 5} On appeal, we reversed the trial court's grant of a new trial because the "trial court's order was not sufficiently detailed to allow this court to conduct a meaningful review of the trial courts order." *Witt v. Akron Express* (Feb. 1, 2002), Gallia App. No. 01CA7, 2002 WL 184923 ("*Witt I*").

{¶ 6} On remand, the trial court noted that the judge who presided over the trial had retired and moved to California. The successor judge found that he could not articulate the original trial judge's rationale for granting a new trial and concluded that he could not substitute his own reasons. Accordingly, the trial court denied the motion for new trial. The Witts appealed.

{¶ 7} In the second appeal, we reversed the trial court's denial of the Witts' motion for new trial, finding that "the trial court abused its discretion by refusing to either (1) consider whether his inability to perform the original judge's duties pursuant to Civ.R. 63 entitled the Witts to a new trial pursuant to Civ.R. 63 or (2) review the merits of the Witts' motion for a new trial, which may have included a review of the evidence." *Witt v. Akron Express*, Gallia App. No. 02CA5, 2002-Ohio-6314, 2002 WL 31618463, at ¶ 13 ("*Witt II*").

{¶ 8} Upon our second remand, the trial court reviewed the transcript of the trial, as well as the transcript of the hearing on the motion for a new trial. However, the trial court concluded that it was "still unable to articulate substituted reason(s) for the retired judge's granting of a new trial." Therefore, the trial

---

1. The Witts dismissed their claims against defendants Christians Construction and Tom B. Gibbs before these defendants had filed answers.

court determined that it was unable to perform "the duty placed upon it in articulating the reason(s) the retired judge granted a new trial" pursuant to Civ.R.59 and the mandate of this court. Having satisfied itself that it could not perform the duties required of it, the trial court granted the Witts a new trial pursuant to Civ.R. 63(B).

{¶ 9} In our third review, we concluded that the trial court abused its discretion in granting a new trial pursuant to Civ.R. 63(B) because the trial court sought to articulate the reasons the original trial judge granted the Witts' motion for new trial rather than independently reviewing the record and exercising its own judgment to determine whether a new trial was warranted under Civ.R. 59(A). Additionally, we noted that, in the event the trial court was still satisfied that it was unable to determine whether a new trial was warranted under Civ.R. 59(A), it could again consider granting a new trial pursuant to Civ.R. 63(B). We once again remanded the cause for further proceedings. *Witt v. Akron Express, Inc.*, Gallia App. No. 03CA10, 2004-Ohio-251, 2004 WL 102780 ("*Witt III*").

{¶ 10} On remand, the trial court conducted a status hearing, which, upon the request of counsel for the parties, it converted into a hearing upon the Witts' motion for a new trial. Thereafter, the trial court reviewed the complete record, including but not limited to the file, transcript of the hearing on the motion for new trial, the various briefs of the parties, and the arguments of counsel at hearing. After conducting its own, independent analysis of the record, the trial court concluded that it was "unable to determine whether a new trial would be appropriate under the relevant provisions of Civ.R. 59." Accordingly, the trial court concluded that "the Court is satisfied it cannot perform the duties required of it in this regard." Therefore, the trial court granted a new trial pursuant to Civ.R. 63(B).

{¶ 11} Akron Express and Snyder now bring this, the fourth appeal, raising the following assignment of error: "The Successor Court abused its discretion in overriding the jury verdict under Civ.R. 63(B) without a basis for its ruling."

## II

{¶ 12} In their sole assignment of error, Akron Express and Snyder argue that the trial court abused its discretion in granting the Witts' a new trial pursuant to Civ.R. 63(B) without stating its reasons for doing so.

{¶ 13} As we have previously noted, "[w]e review a trial court's grant of a new trial for *an abuse of discretion.*" *Witt II*, 2002-Ohio-6314, at ¶ 9, *Witt III*, 2004-Ohio-251, at ¶ 10, citing *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685, paragraph one of the syllabus. "Abuse of discretion" connotes that the court's attitude is "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d

1140; *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. "The exercise of an honest judgment, however erroneous it may seem to be, is not an abuse of discretion." *State ex rel. Shafer v. Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 590, 50 O.O. 465, 113 N.E.2d 14. (Emphasis sic.) In applying the abuse-of-discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. *In re Jane Doe I* (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181, citing *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301.

{¶ 14} Civ.R. 63(B) provides: "If for any reason the judge before whom an action has been tried is unable to perform the duties to be performed by the court after a verdict is returned or findings of fact and conclusions of law are filed, another judge * * * may perform those duties; but if such other judge is satisfied that he cannot perform those duties, he may in his discretion grant a new trial." Under this rule, a successor judge " 'can exercise the same powers, and has a right to act on every case that remains undecided upon the docket, as fully as his predecessor could have done.' " *Lance v. Slusher* (1944), 74 Ohio App. 361, 364, 29 O.O. 514, 59 N.E.2d 57, quoting *In re Life & Fire Ins. Co. of New York v. Heirs of Wilson* (1834), 33 U.S. 291, 303, 8 Pet. 291, 8 L.Ed. 949. However, the rule places the decision to grant or deny a new trial entirely within the discretion of the successor court. *Finn v. Krumroy Constr. Co.* (1990), 68 Ohio App.3d 480, 489, 589 N.E.2d 58; *Adkins v. Adkins* (1988), 43 Ohio App.3d 95, 100, 539 N.E.2d 686. Notably, Civ.R. 63(B) does not require the successor court to state, in writing, its reasons for granting a new trial.

{¶ 15} Akron Express and Snyder argue that we must read Civ.R. 63(B) in conjunction with Civ.R. 59(A). Civ.R. 59(A) provides: "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: * * * (4) [e]xcessive or inadequate damages, appearing to have been given under the influence of passion or prejudice* * *; (6) [t]he judgment is not sustained by the weight of the evidence * * *; (7) [t]he judgment is contrary to law * * *; (9) [e]rror of law occurring at the trial and brought to the attention of the trial court by the party making the application. * * * When a new trial is granted, the court shall specify in writing the grounds upon which such new trial is granted."

{¶ 16} Akron Express and Snyder contend that if a successor court grants a new trial based upon Civ.R. 63(B) the trial court must state, in writing, the grounds supporting its decision in accordance with Civ.R. 59(A). However, the plain language of Civ.R. 63(B) includes no such requirement. The rule grants a successor judge broad discretion to grant a new trial if he "is satisfied that he cannot perform those duties" required of him. This broad language recognizes

that the successor court is in the best position to determine whether it is capable of proceeding in the original court's stead.

{¶ 17} Akron Express and Snyder liken a successor court's grant of a new trial pursuant to Civ.R. 63(B) to a trial court's substitution of its judgment for that of the jury, and contend that it must be supported by competent and credible evidence. However, we find that by ordering a new trial pursuant to Civ.R. 63(B), a court does not substitute its judgment for that of the jury. Rather, the court determines that it is unable to perform the duties required of it in reviewing the merits of the motion for a new trial and grants a new trial based upon this purely ministerial ground. Therefore, the court never reaches the issue of the adequacy or inadequacy of the underlying jury verdict.

{¶ 18} As noted by the Ohio Supreme Court, "the order of a *new* trial does not terminate a case; instead, it simply grants a new trial. Unlike directed verdicts and judgments notwithstanding the verdict, an order for a new trial does not dispose of litigation; instead, its purpose is to prevent ' "miscarriages of justice which sometimes occur at the hands of juries," ' by presenting the same matter to a new jury." (Emphasis sic.) *Malone v. Courtyard by Marriott L.P.* (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242, quoting *Holland v. Brown* (1964), 15 Utah 2d 422, 426, 394 P.2d 77. Similarly, the purpose of a successor court's decision to award a new trial pursuant to Civ.R. 63(B) is to prevent a miscarriage of justice when the judge who presided over a trial is unable to serve until the case is finally terminated.

{¶ 19} Further, Akron Express and Snyder argue that a successor court's authority to grant a new trial under Civ.R. 63(B) is limited to situations where, for example, the trial judge acted as the trier of fact. Akron Express and Snyder contend that in that situation, the successor court is not in a position to assess the credibility of the witnesses as the trial court did. They argue that after a jury trial, in contrast, the trial court's personal observation is irrelevant because the court's only duty is to judge whether the evidence has "the semblance of credibility." Because Civ.R. 63(B) does not expressly limit a trial court's discretion in this manner, we find Akron Express and Snyder's arguments unpersuasive.

{¶ 20} Here, the trial court reviewed the record below on at least two separate occasions. After conducting its independent analysis of the record, the trial court found that it was "unable to determine whether a new trial would be appropriate under the relevant provisions of Civ.R. 59." Accordingly, the trial court concluded, "it cannot perform the duties required of it in this regard. As such, and pursuant to Civ.R. 63(B) the Court finds that a new trial should be granted." Although Akron Express and Snyder contend that accepting this determination

without an explanation as to why the court granted the new trial cloaks the successor court with "unbridled discretion," we find that, by their very nature, the circumstances under which a successor court may exercise the broad discretion conferred by Civ.R. 63(B) to rule upon motions in this regard are extremely limited.

{¶ 21} Based upon the foregoing, we cannot conclude that the trial court acted arbitrarily, unreasonably, or unconscionably in granting a new trial pursuant to Civ.R. 63(B) without stating its reasons for doing so in writing. Accordingly, we overrule Akron Express and Snyder's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

PETER B. ABELE, J., concurs.

HARSHA, J., concurs in judgment only.