On Application for Rehearing

MOORE, Judge.
This court’s opinion released on February 28, 2014, is withdrawn, and the following is substituted therefor.
Rickey Allen Baldwin (“the husband”) appeals from an order of the Monroe Circuit Court (“the trial court”) granting the motion to vacate filed by Carol Baldwin (“the wife”) and effectively ordering a new trial on certain issues incident to a divorce.

Procedural History

On February 8, 2010, the wife, through her counsel, Jack B. Weaver, filed a complaint for a divorce against the husband. The case was assigned to Judge Dawn Hare. After an initial hearing, Judge Hare entered a. judgment on December 8, 2010, divorcing the parties but reserving jurisdiction to later adjudicate, among others, the issues of child custody, child support, visitation, and the division of the marital assets. After several continuances, Judge Hare later scheduled a trial on the remaining issues to commence on August 23, 2012. Before that trial took place, Judge Hare campaigned to be reelected as a circuit-court judge for Monroe County, but she was defeated in April 2012 in the Democratic primary by Weaver, who thereby effectively won the judgeship because of the lack of Republican opposition. Following his primary victory, Weaver continued to represent the wife in the divorce proceedings, acting as her counsel of record when the final trial commenced on August 23, 2012. The record shows that Weaver presented evidence on behalf of the wife and rested her case on that date; however, the parties agreed that the trial could not be concluded at that time and that the remainder of the trial would have to be continued to a later date. Judge Hare subsequently entered an order, dated October 19, 2012, setting the remainder of the trial for November 15, 2012.
On November 1, 2012, Weaver filed a motion to withdraw from his representation of the wife on the ground that she had, on October 31, 2012, notified him that she had terminated his services. Judge Hare granted the motion on November 5, 2012. Thereafter, on November 8, 2012, Roianne Houlton Conner entered a notice of appearance as counsel for the wife. Judge Hare granted a motion to continue filed by Conner, and the trial ultimately resumed on December 11,' 2012. Although the wife, through Conner, filed several motions before that date, she never filed a motion seeking the recusal of *36 Judge Hare. As a result, Judge Hare presided over the remainder of the trial without objection. On December 18, 2012, Judge Hare entered a final judgment awarding the parties joint custody of their minor child, designating the husband as the primary physical custodian of the child, dividing the parties’ property, and denying all other claims.
On January 15, 2013, the wife filed a motion to alter, amend, or vacate the final judgment in which she specifically requested a new trial on the issues addressed in the December 18, 2012, judgment. In that motion, the wife asserted that Judge Hare had displayed “some animus” toward Weaver during the August 23, 2012, hearing, that Weaver had withdrawn from representing the wife because of that animus, and that Judge Hare had further indicated her animus by refusing to hear from the parties’ minor child at the December 11, 2012, hearing despite having stated her intention to do so during the August hearing. The wife further asserted that, after Conner appeared on behalf of the wife, Judge Hare had denied two motions filed by the wife to appoint a guardian ad litem for the parties’ minor child and had also denied two motions filed by the wife requesting to reopen her case after she had rested. The wife maintained that the final judgment was “so. atrociously one-sided in favor of the [husband] that it was evident that [Judge Hare] had some reserved personal issues against [the wife].” The wife complained that she had lost her right to present critical evidence, had been stripped of her custodial rights, and had been denied an equitable share of the husband’s retirement benefits, all because of Judge Hare’s alleged prejudice and ill will against Weaver as a result of their “hotly contested” primary.
Before Judge Hare could rule on the wife’s motion to alter, amend, or vacate, Judge Hare’s term expired and Weaver succeeded her on the bench. Weaver filed a notice of recusal, and Chief Justice Roy Moore assigned Judge James H. Morgan, Jr., a district judge from Clarke County, to the case. On April 9, 2013, Judge Morgan scheduled a hearing on the wife’s post-judgment motion to be held on April 25, 2013. However, before any hearing could take place, Judge Morgan entered an order on April 12, 2013, vacating the final judgment and effectively ordering a new trial as to the issues addressed in the December 18, 2012, judgment, appointing a guardian ad litem for the parties’ minor child, providing for the temporary custody of the parties’ minor child, and restraining the parties from disposing of their assets. On April 15, 2013, the husband filed a motion to set aside the April 12, 2013, order on the ground that Judge Morgan had vacated the judgment and had entered temporary orders without conducting a hearing, without considering any of the evidence presented in the August and December 2012 hearings, and without receiving any evidence sustaining any of the wife’s allegations of bias against Judge Hare. On April 24, 2013, Judge Morgan denied the husband’s motion to set aside the April 12, 2013, order.
Judge Morgan held a hearing on April 25, 2013. During that hearing, Judge Morgan acknowledged that he had not seen a transcript of the trial conducted by Judge Hare, but he stated that he had reviewed the materials in the clerk’s record. Judge Morgan informed counsel for the parties that he had realized that the wife’s postjudgment motion could remain pending for only 90 days, or until April 15, 2013, before it would be denied by operation of law under Rule 59.1, Ala. R. Civ. P., and that the trial court would lose jurisdiction of the case at that time. Finding that the wife had not requested a hearing on her postjudgment motion and that the hus *37 band had not filed a written response to the wife’s postjudgment motion specifically requesting a hearing, Judge Morgan stated that he had determined that the motion could be ruled upon summarily without a hearing and that, therefore, he had proceeded to vacate the judgment on April 12, 2013, so that a new trial could be held concerning the issues addressed in the December 18, 2012, judgment.
On May 17, 2018, the husband filed a notice of appeal pursuant to Ala.Code 1975, § 12-22-10 (“Either party in a civil case, or the defendant in a criminal case, may appeal to the appropriate appellate court from an order granting or refusing a motion for a new trial by the circuit court.”).[1] A party ordinarily has 42 days to appeal from an order granting a new trial; however, in Ex parte Mutual Savings Life Insurance Co., 765 So.2d 649 (Ala.1998), our supreme court held that, when a party aggrieved by an order granting a new trial files a motion to set aside that order, the motion is treated as one filed pursuant to Rule 59, Ala. R. Civ. P., which, pursuant to Rule 59.1, Ala. R. Civ. P., suspends the time for taking an appeal until that motion is denied. Judge Morgan denied the husband’s Rule 59 motion on April 24, so the husband timely filed his notice of appeal on May 17, 2013. This court has previously denied two motions filed by the wife seeking to dismiss the appeal based on grounds other than timeliness.

Discussion

The husband initially argues that Judge Morgan erred in vacating the divorce judgment based on the alleged bias of Judge Hare against the wife. We agree. In her postjudgment motion, the wife alleged that the final divorce judgment resulted from the bias of Judge Hare; however, the wife did not present any evidence to support her accusations of bias.
Canon 3.C.(1), Alabama Canons of Judicial Ethics, provides, in pertinent part:
“A judge should disqualify himself [or herself] in a proceeding in which his [or her] disqualification is required by law or his [or her] impartiality might reasonably be questioned, including but not limited to distances where:
“(a) He [or she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evi-dentiary facts concerning the proceeding.”
“The burden is on the party seeking recu-sal to present evidence establishing the existence of bias or prejudice.” Ex parte Melof, 553 So.2d 554, 557 (Ala.1989), abrogated on other grounds, Ex parte Crawford, 686 So.2d 196, 198 (Ala.1996), citing Otwell v. Bryant, 497 So.2d 111, 119 (Ala.1986). “[A] mere accusation of bias that is unsupported by substantial fact does not require the disqualification of a judge.” Ex parte Melof, 553 So.2d at 557 (emphasis omitted). Prejudice on the part of a judge is not presumed. Hartman v. Board of Trs. of the Univ. of Alabama, 436 So.2d 837, 841 (Ala.1983); Duncan v. Sherrill, 341 So.2d 946, 947 (Ala.1977); and Ex parte Rives, 511 So.2d 514, 517 (Ala.Civ.App.1986). “ ‘[T]he law will not suppose a possibility of bias or favor in a judge who is already sworn to administer impartial justice and whose authority greatly depends upon that presumption and idea.’ ” Ex parte Balogun, 516 So.2d 606, 609 (Ala.1987) (quoting Fulton v. Longshore, 156 Ala. 611, 613, 46 So. 989, 990 (1908)).
*38 In this case, the wife asserted in her postjudgment motion that Judge Hare had developed a personal animosity toward Weaver, the attorney who had previously represented the wife, because of his candidacy and ultimate victory in a campaign for Judge Hare’s office. However, the wife utterly failed to present any substantial facts to support her assertion. The record indicates that Weaver represented the wife during 2012, the time during which he opposed Judge Hare in the Democratic primary. Additionally, Weaver appeared before Judge Hare during the August 23, 2012, hearing, four months after he had defeated Judge Hare in the Democratic primary. The wife did not present any evidence from that period supposedly showing Judge Hare’s bias or ill will against Weaver. When he withdrew from the case, Weaver asserted that he was doing so solely because the wife had terminated his services, not because he wanted to avoid Judge Hare’s prejudice, as the wife later claimed in her postjudgment motion. The wife based the bias allegations in her postjudgment motion almost exclusively on the rulings Judge Hare had made against her during the course of the proceedings after Weaver had withdrawn from the case, such as denying her motions to reopen her case after she had rested, denying her motions to appoint a guardian ad litem for the parties’ minor child, and ruling against the wife on custody and property-division issues. However, “[a]d-verse rulings during the course of the proceedings are not by themselves sufficient to establish bias and prejudice.” Hartman, 436 So.2d at 841.
In Curvin v. Curvin, 6 So.3d 1165 (Ala.Civ.App.2008), the father asserted that the trial judge presiding over his divorce case should have granted his motion to recuse in part because the father’s trial counsel was a candidate against the trial judge .in an upcoming election. 6 So.3d at 1171. In Reach v. Reach, 378 So.2d 1115 (Ala.Civ.App.1979), Mr. Reach asserted that the trial judge presiding over his child-support case should have granted his motion to recuse because his counsel had run against the judge presiding over his case and because he had acted as his counsel’s campaign manager during that race. 378 So.2d at 1117. In both of those cases, this court held that those mere facts did not warrant a finding of bias that would require recusal by the trial judge. But see Ex parte Moore, 773 So.2d 437, 439 (Ala.2000) (See, J., statement of recusal) (arguing that a judge should recuse when an active political opponent appears as counsel before the judge during the election process). In her postjudgment motion, the wife presented essentially the same facts as those presented in Cumin and Reach, namely, that her counsel had beep, a political rival of the judge who had presided over her divorce case. The wife presented additional evidence indicating that Weaver had actually defeated Judge Hare in the election, but the wife did not show how the defeat had produced any extrajudicial animosity toward Weaver. See Hartman, 436 So.2d at 841 (holding that any disqualifying prejudice or bias against a party must be of a personal nature and must stem from an extrajudicial source). We fail to see how that additional evidence distinguishes this case from Cumin and Reach.
In his brief to this court, the husband complains that Judge Morgan “vacated the judgment without considering a speck or scintilla of evidence to support the Wife’s bald, unsupported assertions that Judge ... Hare was biased in this case.” We agree. The wife did not present any evidence indicating that Judge Hare was personally biased against Weaver, let alone that any such personal bias was so strong that, months after Weaver had withdrawn from the case, it prevented Judge Hare *39 from impartially ruling on motions before her and deciding the case.[2]
Because the wife did not support her postjudgment motion with evidence proving bias on the part of Judge Hare, Judge Morgan erred in vacating the final divorce judgment entered on December 18, 2012, on that ground.
The husband next argues that the trial court erred in granting the motion because, he says, Judge Morgan did not certify his familiarity with the record before ruling on the wife’s postjudgment motion as required by Rule 63, Ala. R. Civ. P. That rule provides:
“If a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed -with it upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties. In a hearing or trial without a jury, the successor judge shall at the request of a party recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.”
In 1995, our supreme court amended Rule 68, patterning the amendment after Rule 63 of the Federal Rules of Civil Procedure, as amended in 1991, which included the requirement that a successor judge “certify familiarity with the record” in order “[t]o avoid the injustice that may result if the substitute judge proceeds despite unfamiliarity with the action.” Advisory Committee Notes to 1991 Amendment to Rule 63, Fed.R.Civ.P.
In this case, Judge Hare became disqualified to rule on the pending motion for a new trial when her term expired. In Birmingham Retail Center Associates, Ltd. v. Eastwood Festival Associates, 608 So.2d 340, 343 (Ala.1992), the supreme court held that the pre-1995 version of Rule 63 applied when a sitting judge was defeated in an election so that he or she was disabled from continuing to preside over the case. Based on the Committee Comments to the October 1, 1995, Amendment to present Rule 63, we conclude that the holding in Eastwood Festival Associates remains good law and that the present version of Rule 63 applies in cases in which the judge who originally decided the case has been defeated for reelection.
Rule 63 requires that a successor judge who is hearing a postjudgment 'motion review that part of the record pertaining to the issues raised in the postjudgment motion. See Mergentime Corp. v. Washington Metropolitan Area Transit Auth., 166 F.3d 1257, 1265 (D.C.Cir.1999).[3] In this case, other than the alleged bias issue, the wife also argued that the judgment should be set aside because of errors committed in awarding the husband custody of the parties’ minor child and in dividing the property in the marital estate. In order to rule on those issues, Judge Morgan would have had to familiarize himself with the pertinent portions of the record to ascertain whether any error had been commit *40 ted by Judge Hare and whether any error warranted the remedy of a new trial. Judge Morgan informed the parties that, before ruling on the wife’s postjudgment motion, he had reviewed the clerk’s record, which, we note, included the exhibits admitted at trial, but that he had not reviewed a transcript of the trial containing the testimony of the witnesses. Given the nature of the issues raised in the wife’s postjudgment motion, Judge Morgan, without the benefit of reviewing the trial transcript, could not have been sufficiently apprised of the facts and circumstances so that he could have judiciously decided the merits of the postjudgment motion.
Because Judge Morgan committed reversible error in granting the wife’s post-judgment motion without considering all the relevant evidence in the record, we reverse that order and remand the cause for Judge Morgan to reconsider the motion after he has reviewed a transcript of the trial proceedings. Any order on the postjudgment motion shall be entered as soon as practicable and shall state the grounds for the ruling, which shall not include any alleged bias on the part of Judge Hare.
The husband’s request for the award of attorney’s fees on appeal is denied.
APPLICATION GRANTED; OPINION OF FEBRUARY 28, 2014, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.

. Based on § 12-22-10, Ala.Code 1975, we reject the wife's contention that the husband could not appeal frotn the order granting her a new trial.

. We also agree with the husband that the wife waived her right to seek the recusal of Judge Hare by waiting to file her motion until after the judgment had been entered. See Ex parte Kenneth D. McLeod, Family Ltd. P’ship, 725 So.2d 271, 273 (Ala.1998); Adams v. Board of Trs. of the Univ. of S. Alabama, 676 So.2d 1326 (Ala.Civ.App.1996); and Clore v. Clore, 135 So.3d 264 (Ala.Civ.App.2013).

. When our supreme court adopts a rule of civil procedure patterned after a federal rule of civil procedure, the opinions of federal courts construing the federal rule are persuasive authority as to the proper construction of its Alabama counterpart. See Ex parte Novartis Pharms. Corp., 975 So.2d 297, 300 n. 2 (Ala.2007).