Rickey Allen BALDWIN

v.

Carol BALDWIN.

2140150.

Court of Civil Appeals of Alabama.

May 15, 2015.

Rehearing Denied July 10, 2015.

Certiorari Denied April 15, 2016
Alabama Supreme Court 1141139.

David A. Simon, Fairhope, for appellant.

Chip Cleveland of Cleveland & Riddle Attorneys at Law, LLC, Prattville, for appellee.

MOORE, Judge.

When her term of office expired, former Monroe Circuit Judge Dawn Hare had not ruled on a motion to alter, amend, or vacate a final judgment that had been filed on January 15, 2013, by Carol Baldwin ("the wife") in a divorce action, i.e., case no. DR–10–12. Because the successor judge, Jack B. Weaver, had acted as the wife's attorney in case no. DR–10–12, he recused himself from the case, and Chief Justice Roy Moore specially assigned Judge James H. Morgan, Jr., a district-court judge from Clarke County, to preside over the case. On April 12, 2013, Judge Morgan, solely in an effort to avoid the wife's postjudgment motion being denied by operation of law, see Rule 59.1, Ala. R. Civ. P., vacated the final judgment and ordered a new trial. Rickey Allen Baldwin ("the husband") eventually appealed from that order to this court.

On appeal, this court concluded that the wife had raised two main claims in her postjudgment motion: (1) that the final judgment resulted from extrajudicial bias of Judge Hare and (2) that Judge Hare had erred in awarding the husband custody of the parties' minor child and in dividing the marital estate. This court held that the wife had failed to present any evidence of extrajudicial bias to support her first ground. We further held that, in order to determine whether the judgment should be vacated based on the second ground, Judge Morgan first had to comply with Rule 63, Ala. R. Civ. P., by certifying his familiarity with all the evidence in the record directed toward the custody and property-division issues, which Judge Morgan had not yet done. This court reversed the trial court's order vacating the December 18, 2012, divorce judgment and ordering a new trial, and we remanded the cause with instructions for Judge Morgan to reconsider the wife's postjudgment motion, except for the unsupported bias argument, after reviewing the trial transcript in compliance with Rule 63. *See Baldwin v. Baldwin,* 160 So.3d 34 (Ala.Civ.App. 2014).

On remand, Judge Morgan reviewed the trial transcript and conducted a hearing on September 26, 2014, to receive arguments from the parties' counsel as to their interpretation of this court's opinion in *Baldwin* and to address the wife's postjudgment motion. Following that hearing, Judge Morgan entered an order stating, in pertinent part:

"There is no possible way for this Court to know what or why the previous Judge awarded certain things to the [wife] or [the husband] in this case by reading the transcript and reviewing this case file.

"There are too many uncertainties for this Court to agree or disagree to hold just or unjust to deem equitable or inequitable the previous Court's Order.

"Accordingly, the motion to Alter, Amend or Vacate is GRANTED and the

final order dated 12/18/2012 is hereby VACATED and this case shall be retried."

(Capitalization in original.) The husband timely appealed to this court from the foregoing order.

We agree with the husband that our remand order did not require Judge Morgan to determine why Judge Hare had ruled as she did but, rather, that it required Judge Morgan to determine only whether the disposition of the custody of the child and the division of the marital property made by Judge Hare were equitable and supported by the evidence. Reading the foregoing order as a whole, as well as considering the colloquy between Judge Morgan and the parties during the September 26, 2014, hearing, we conclude that Judge Morgan did not misconstrue our remand order. Instead, the record fairly shows that Judge Morgan attempted to follow our remand instructions but, in doing so, determined that he could not ascertain from his review of the transcript and other evidence in the case file whether Judge Hare's judgment was equitable, particularly with regard to the property division.

Formerly, before it was amended effective October 1, 1995, Rule 63 provided:

"If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; *but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.*"

In *Birmingham Retail Center Associates, Ltd. v. Eastwood Festival Associates,* 608 So.2d 340 (Ala.1992), our supreme court, citing *Trail Pontiac–GMC Truck, Inc. v. Evans,* 540 So.2d 645 (Ala.1988), and *Hall v. Hall,* 445 So.2d 304 (Ala.Civ.App.1984), construed the former version of Rule 63 as investing a successor judge, who has reviewed a transcript, with the authority to order a new trial based on substantive grounds. 608 So.2d at 343. The supreme court did not limit its holding to that interpretation, however, further finding that Rule 63 authorizes a successor judge to order a new trial if the successor judge determines that he or she cannot rule on the merits of a postjudgment motion for any reason. 608 So.2d at 344.

Currently, Rule 63 provides:

"If a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed with it upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties. In a hearing or trial without a jury, the successor judge shall at the request of a party recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness."

Although our supreme court has, among other things, removed the last clause of former Rule 63, the current version of the rule remains worded broadly enough to permit a successor judge to order a new trial upon a determination that he or she cannot fairly rule on a postjudgment motion based solely on a review of the cold record. Particularly, Rule 63 not only requires that a successor judge certify his or her familiarity with the record, but also mandates that the successor judge may proceed only after "determining that the

proceedings in the case may be completed without prejudice to the parties." Accordingly,

> "[a] successor judge 'must have sufficient confidence in the existing record to be able to resolve the case on a fair and intelligent basis.' 12 James Wm. Moore, *Moore's Federal Practice* § 63.05[6][a] (1998). 'If a successor judge is satisfied that he or she cannot perform the duties imposed by the Federal Rules of Civil Procedure with respect to the particular case, the successor is empowered to and must order a new trial. *Id.*'"

*Weigel v. Weigel*, 591 N.W.2d 123, 126 (N.D.1999) (construing Rule 63, Fed.R.Civ. P., which is substantially similar to Rule 63, Ala. R. Civ. P.). Hence, we reject the husband's primary argument on appeal that Judge Morgan could order a new trial only upon finding that the evidence and equity did not support the custody and property awards. Under Rule 63, Judge Morgan could also order a new trial based upon his determination that he could not decide those issues based on his review of the record.

■ The husband argues that Judge Morgan erred in determining that he could not decide the substantive issues raised in the wife's postjudgment motion. The husband points out that Judge Morgan had access to a complete and accurate transcript of the trial testimony as well as the exhibits, which were reproduced in the clerk's file. The husband maintains that Judge Morgan should have been able to decide the limited issues raised in the wife's postjudgment motion by reviewing the record. However, the husband does not cite any legal authority, *see* Rule 28(a)(10), Ala. R.App. P., and our exhaustive search has not uncovered any, holding that a successor judge must determine that he or she can fairly rule on a postjudgment motion if provided an adequate record. To the contrary, "[o]nce chosen, a successor judge is given broad discretion in determining whether he or she properly can perform the remaining duties in a trial in which he or she did not preside." *Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. 97, 105, 459 S.E.2d 374, 381 (1995) (construing Rule 63, W.Va. R. Civ. P., which is substantially similar to Rule 63, Ala. R. Civ. P.). "[T]he successor court is in the best position to determine whether it is capable of proceeding in the original court's stead." *Witt v. Akron Express, Inc.*, 159 Ohio App.3d 164, 170, 823 N.E.2d 473, 478 (2004). In this case, Judge Morgan had the discretion to decide whether he could rule on the merits of the wife's postjudgment motion based solely on a review of the record compiled in the case without undue prejudice to the parties.

In *National Security Insurance Co. v. Elliott*, 276 Ala. 353, 162 So.2d 449 (1964), our supreme court held that, upon appeal from an order granting a motion for a new trial by a successor judge who did not preside over the trial of the case, an appellate court stands in the same position as the successor judge such that it may decide the motion *de novo*, giving a due presumption of correctness to the factual findings of the trial judge. That holding, however, does not apply to a successor judge's determination that he or she cannot rule on a postjudgment motion. This court cannot substitute its judgment for that of Judge Morgan on that point. Rather, consistent with the general rule from *Birmingham Retail Center Associates* and similar cases from other jurisdictions, we can decide only whether Judge Morgan exceeded his broad discretion in making that determination. Considering that Judge Morgan expressly determined that he could not judicially decide the merits of the wife's postjudgment motion after he had certified that he had familiarized himself with the rather voluminous record

in this case, after he conducted a hearing to narrow the issues to be resolved, and after he entertained arguments from counsel for both parties as to the sufficiency of the evidence and the fairness of the custody and property-division awards, we cannot conclude that Judge Morgan exceeded his discretion.

Based on the foregoing, we affirm Judge Morgan's order granting a new trial.

The husband's request for an award of attorney's fees on appeal is denied.

AFFIRMED.

THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.