OPINION
{¶ 1} On June 3, 2003, a jury found defendant-appellant, Ronald E. Dudley, guilty of one count of kidnapping, in violation of R.C. 2905.01, a felony of the first degree, and one count of rape, in violation of R.C. 2907.02, a felony of the first degree. On June 13, 2003, the trial court held a sentencing hearing, at which time the kidnapping and rape counts merged and appellant was sentenced to ten years incarceration on the one count of rape. Immediately following the sentencing hearing, the trial court held a hearing and determined that appellant was a sexual predator. On July 23, 2003, the trial court filed the judgment entry which imposed appellant's sentence. Appellant appeals from this entry, assigning the following three assignments of error:
ASSIGNMENT OF ERROR I
Appellant's due process rights were violated under Section 10, Article I of the Ohio Constitution and the Fifth andFourteenth Amendments to the United States Constitution, when the trial court declared him to be a sexual predator, in the absence of clear and convincing evidence that he was likely to commit another sexually oriented crime in the future, and when it failed to place such determination in writing in it's sentencing entry.
ASSIGNMENT OF ERROR II
The trial court erred when it entered judgment against Appellant when the evidence was insufficient to sustain a conviction and was not supported by the manifest weight of the evidence.
ASSIGNMENT OF ERROR III
An accused's due process rights are violated under Section 10, Article I of the Ohio Constitution and the Fifth andFourteenth Amendments to the United States Constitution, when the trial court abuses its discretion in giving Appellant a maximum sentence without properly considering the factors set forth in Ohio Revised Code §§ 2929.12, 2929.14(C) and 2929.19(B)(2)(d), or by misapplying the factors found in the same code sections.
 {¶ 2} In his first assignment of error, appellant attempts to appeal the sexual predator classification. However, the judgment entry which appellant seeks to appeal does not contain the trial court's finding that appellant is a sexual predator. The state concedes that the trial court did not journalize its findings and, as such, there is no final appealable order regarding appellant's sexual predator status. We agree. Since the trial court did not address its findings regarding the sexual predator classification at the time appellant filed his appeal, there is no final appealable order. As such, we decline to address the sexual predator issue at this time. State v. Breedlove (1988),46 Ohio App.3d 78; State v. Yoho (Feb. 14, 2000), Belmont App. No. 99-BA-10; State v. Pace (1998), Hamilton App. No. C-970546 ("because a court speaks only through its journal entries, the failure of the trial court to set forth a finding or verdict as to the sexually-violent-predator specification in its journal entry renders the trial court's order interlocutory. This partial determination by the trial court does not constitute a final appealable order"); see, also, State v. Wimer (Oct. 16, 2001), Franklin App. No. 01AP-288, State v. Buterbaugh (Sept. 16, 1999), Franklin App. No. 98AP-1093; State v. Brown (1989),59 Ohio App.3d 1. Accordingly, appellant's first assignment of error is sustained.
 {¶ 3} Therefore, in this case, we are unable to entertain appellant's appeal on the trial court's sexual predator finding for lack of a final appealable order. Because we are dismissing appellant's case, we decline to address appellant's second and third assignments of error, as they are rendered moot. App.R. 12(A)(1)(c). The appeal from the July 23, 2003 judgment entry is dismissed.
Appeal dismissed.
Bowman and Deshler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.