OPINION
{¶ 1} Defendant-appellant, Terrance E. Zerla, appeals from a judgment of the Franklin County Court of Common Pleas determining that defendant is not a sexual predator. For the following reasons, we dismiss.
 {¶ 2} On September 11, 1990, defendant was indicted for one count of kidnapping, in violation of R.C. 2905.01, and three counts of rape, in violation of R.C. 2907.02. A jury convicted defendant on all counts and, on August 24, 1993, the trial court issued a judgment entry sentencing defendant to a prison term of ten to 25 years on each count.
 {¶ 3} On August 10, 2004, the trial court conducted a hearing pursuant to R.C. 2950.09 to determine whether it should designate defendant a sexual predator. After reviewing the evidence admitted during that hearing and applying the relevant factors, the trial court found that defendant is not a sexual predator. Specifically, in its September 3, 2004 decision and entry, the trial court stated:
Defendant shall NOT be classified as a Sexual Predator. Defendant is classified as a Sexually Oriented Offender and shall be subject to the reporting requirements of that classification.
Defendant now appeals from this decision and entry.
 {¶ 4} On appeal, defendant asserts the following error:
The trial court erred in finding Appellant to be a sexually oriented offender subject to the registration requirements of Revised Code Chapter 2950.
 {¶ 5} By this assignment of error, defendant argues that the statutory provisions that impose registration requirements on offenders, such as himself, who commit sexually oriented offenses but are not designated sexual predators or habitual sex offenders, are unconstitutional. The state, however, argues that defendant has no basis on which to appeal and assert this error because defendant was not aggrieved by the final order from which he now appeals. We agree with the state.
 {¶ 6} An "[a]ppeal lies only on behalf of a party aggrieved by the final order appealed from." Ohio Contract Carriers Assn., Inc. v. PublicUtils. Comm. (1942), 140 Ohio St. 160, syllabus. An appellant is "aggrieved" only if a trial court's judgment adversely affects or injures his interests or rights. Franklin Cty. Regional Solid Waste Mgt. Auth.v. Schregardus (1992), 84 Ohio App.3d 591, 599; Tschantz v. Ferguson
(1989), 49 Ohio App.3d 9, 13. Thus, under common law, a party can only exercise the right to appeal if he can demonstrate that: (1) he has a present interest in the subject matter of the litigation, and (2) the judgment of the trial court prejudiced that present interest. City ofWilloughby Hills v. C.C. Bar's Sahara, Inc. (1992), 64 Ohio St.3d 24, 26;In re Guardianship of Love (1969), 19 Ohio St.2d 111, 113.
 {¶ 7} In the case at bar, defendant maintains that he is aggrieved by the trial court's imposition of the sexually oriented offender designation. However, defendant's status as a sexually oriented offender arose by operation of law, and not as a result of the trial court's September 3, 2004 judgment. State v. Hayden, 96 Ohio St.3d 211,2002-Ohio-4169, paragraph two of the syllabus ("[I]f a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D), and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law."). Other than "the ministerial act of rubber-stamping the registration requirement on the offender," the trial court plays no role in the imposition of the sexually oriented offender designation. Id. at ¶ 16.
 {¶ 8} Although the September 3, 2004 decision and entry indicates that defendant is a sexually oriented offender and that defendant is required to register, this statement merely reiterates the label and requirements already imposed by operation of law. State v. Hampp (July 17, 2000), Ross App. No. 99CA2517 ("[A] trial court's finding that a defendant is a sexually oriented offender is superfluous."). The only actual judicial determination in the September 3, 2004 decision and entry is the trial court's finding that defendant is not a sexual predator. Because this judgment benefits, rather than aggrieves, defendant, he has no standing to appeal from the September 3, 2004 decision and entry. See State v.Green, Hamilton App. No. C-010503, 2001-Ohio-4076, at ¶ 4; State v.Moyers (2000), 137 Ohio App.3d 130, 134; State v. Rimmer (Apr. 29, 1998), Lorain App. No. 97CA006795.
 {¶ 9} For the foregoing reasons, we dismiss the instant appeal.
Appeal dismissed.
Brown, P.J., and McGrath, J., concur.