OPINION
{¶ 1} Defendant-appellant, George M. Ronan, appealed from his conviction and sentences imposed on three counts of rape, each being a felony of the first degree and two counts of having unlawful sexual contact with a minor, felonies of the third degree. The convictions were based on appellant's guilty pleas. As part of the plea negotiations, the court entered a nolle prosequi to the remaining two counts of rape and one count of having unlawful sexual conduct with a minor.
 {¶ 2} On December 7, 2004, the trial court conducted a sexual offender classification hearing and found that appellant should be classified as a sexual predator. Appellant was sentenced to terms of nine years on each of the counts of rape and seven years on each of the counts of having unlawful sexual conduct with a minor. All counts were to be served concurrently. Shortly before sentence was imposed, the trial judge left that court following election to the court of appeals. A judge newly elected to the trial court replaced the original trial judge.
 {¶ 3} Appellant appealed his sentence to this court under case No. 04AP-1387. Appellant also appealed from the decision classifying him as a sexual predator under R.C. 2950.09. On September 27, 2005, we reversed in part and dismissed in part. We reversed the judgment of sentence because the trial court imposed more than the minimum sentence authorized by law without making the factual findings required by R.C.2929.14, and because the seven-year sentences imposed on the third degree felonies of having unlawful sexual conduct with a minor exceeded the statutory maximum for those crimes.[1] Although we reversed the judgment of sentence in the criminal case, we noted that the trial court decision to classify appellant as a sexual predator was not reduced to judgment. Because the civil finding was not journalized, there was no final appealable order and we lacked jurisdiction to consider appellant's second assignment of error.
 {¶ 4} On January 3, 2006, following remand, the judge who replaced the original trial judge conducted a new sentencing hearing. The court found that the shortest prison term would demean the seriousness of the defendant's conduct or would not adequately protect the public from future crimes by the offender or others. The court reimposed nine year sentences for each count of rape and five-year concurrent sentences for the two counts of unlawful sexual conduct with a minor.
 {¶ 5} During the resentencing, the State of Ohio requested that the trial court journalize the sexual predator classification finding made by the original trial judge. Counsel for appellant objected to journalization of that decision on the ground that "the Court of Appeals dismissed that issue and it's not open for remand." (Jan. 3, 2006 Tr. at 15.) The trial court agreed with defense counsel and declined to address the sexual predator finding made by the prior trial judge.[2] It appears that the trial court believed that only the sentencing issues remanded by our earlier decision could be considered at the trial level and somehow, the sex offender classification that had never been journalized was no longer an issue for the court. It further appears that the trial court has never journalized the results of the sexual predator hearing.
 {¶ 6} On January 19, 2006, appellant filed a notice of appeal from the second sentence imposed on January 3, 2006. The State of Ohio filed a cross-appeal asserting that, although required to journalize the sex offender classification findings made by the original trial judge, the trial court failed to do so.
 {¶ 7} On April 11, 2006, appellant moved to dismiss his appeal. Appellant noted the decision of the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and concluded that there was no reason to believe that the trial court would impose a sentence different from that imposed on January 3, 2006 following remand. We granted appellant's motion to dismiss his appeal. However, the State's cross-appeal remained pending. Therefore, we have occasion to address only the cross-appeal.
 {¶ 8} As cross-appellant, the State of Ohio raises the following assignment of error:
 THE COURT ERRED IN FAILING TO JOURNALIZE THE DEFENDANT'S SEXUAL PREDATOR DESIGNATION.
 {¶ 9} It is axiomatic that a court speaks through its journal entry. Without a journal entry, a decision or finding of a court has no force or effect.
 {¶ 10} A court is obligated to journalize a decision. Rule 7 of the Rules of Superintendence for the Courts of Ohio provides, in pertinent part, as follows:
 (A) The judgment entry specified in Civil Rule 58 and in Criminal Rule 32 shall be filed and journalized within thirty days of the verdict, decree, or decision. If the entry is not prepared and presented by counsel, it shall be prepared and filed by the court.
The rule is mandatory and for good reason. Without journalization, there is no final appealable order and no way for a party to test the correctness of the decision of the court.
 {¶ 11} In a civil case, if for any reason the judge before whom an action has been tried is unable to perform the duties to be performed by the court after a verdict has been returned or a non-jury matter has been decided, a successor judge may perform those duties unless the new judge is satisfied that he or she cannot do so. Civ.R. 63(B). A successor judge may sign a judgment entry where the opinion of the prior judge sufficiently sets forth the court's decision. See Ingalls v.Ingalls (1993), 88 Ohio App.3d 570. If the successor judge is not satisfied that he or she can perform the duties of the trial judge, the successor judge may order that the case or proceeding be retried. SeeWitt v. Akron Express, Inc., 159 Ohio App.3d 164, 2004-Ohio-6837, ¶ 14, and cases cited therein. Chapter 2950 of the Revised Code governs classification of sex offenders.
 {¶ 12} Proceedings under R.C. Chapter 2950 are civil rather than punitive or criminal. State v. Hayden, 96 Ohio St.3d 211,2002-Ohio-4169, certiorari denied Hayden v. Ohio (2003), 537 U.S. 1197,123 S.Ct. 1265; State v. Cook (1998), 83 Ohio St.3d 404, 422. Therefore, Civ.R. 63 may be applied in a sexual offender classification proceeding under R.C. Chapter 2950.
 {¶ 13} By enacting R.C. Chapter 2950, the General Assembly recognized that adequate notice and information about sex offenders is necessary to allow members of the public to prepare themselves for the release of sex offenders into the community. The legislature specifically found that those who commit sex offenses against child victims pose a risk of engaging in sexual abuse upon their release from prison and that protection of the public "is a paramount governmental interest." R.C.2950.02(A)(2). Thus, the General Assembly requires that offenders who commit sexual offenses be classified either as a "sexually oriented offender," a "sexual predator" or an "habitual sex offender."[3]
 {¶ 14} "Sexually oriented offense" is defined in R.C. 2950.01(D) and includes both the crime of rape and the crime of having unlawful sexual conduct with a minor. "Sexual predator" is defined in R.C. 2950.01 and includes a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The classification of a sexually oriented offender as a sexual predator occurs automatically as a matter of law where the offense is a violent sex offense or a designated homicide, assault or kidnapping and the offender is adjudicated a sexually violent predator in relation to that offense. R.C. 2950.09(A). In all other cases, the trial court is under the duty to determine whether an offender should be classified as a sexual predator according to the factors set out in R.C. 2950.09(B).
 {¶ 15} Pursuant to R.C. 2950.09(B)(1)(a), "[t]he judge who is to impose sentence on a person who is convicted of or pleads guilty to a sexually oriented offense that is not a registration-exempt sexually oriented offense shall conduct a hearing to determine whether the offender is a sexual predator[.]" (Emphasis supplied.) The mandatory wording of the statute is clear. The sentencing judge is required to conduct a hearing to determine whether the offender should be classified as a sexual predator. Once the hearing is complete, the trial court has the duty to journalize its findings. Sup.R. 7(A).
 {¶ 16} In this case, the original trial judge complied with R.C.2950.09(B)(1)(a), conducted the required hearing and found that appellant was a sexual predator. However, that finding was not reduced to judgment by journal entry. Hence, in our earlier decision, we found that there was no final appealable order and, therefore, we had no jurisdiction to entertain appellant's challenge to the trial court's finding that he was a sexual predator.
 {¶ 17} Because there was no final appealable order as to the sex offender classification, nothing precluded the trial court from carrying out its duty to journalize that decision. Moreover, because we expressly held that without a final appealable order, we lacked jurisdiction to consider the sexual predator classification, our remand for resentencing could not have implicated the sexual predator classification decision made by the original trial judge. The trial court remained free to journalize that sex offender classification finding or grant a new sex offender classification hearing. See Civ.R. 63(B).
 {¶ 18} Appellant argues that upon remand, the trial court could not journalize the sexual predator finding because to do so would be the equivalent of granting a motion for reconsideration of a final judgment; an act not authorized by the Rules of Civil Procedure. Appellant relies upon Pitts v. Dept. of Transp. (1981), 67 Ohio St.2d 378. The first paragraph of the syllabus of that case reads as follows. "The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." In this case, however, we specifically found that there was no final order in the civil sex offender classification and therefore, we had no jurisdiction to proceed.[4] Because the trial court never journalized the sex offender classification, there was no final judgment on that issue.Pitts is inapplicable.
 {¶ 19} Appellant asserts that under the doctrine of res judicata, the trial court was precluded from journalizing the sexual predator finding once the criminal sentence was imposed. It is axiomatic that before the doctrine of res judicata can be applied, there must be a valid final judgment. That doctrine is inapplicable here because the non-punitive, civil, sexual predator finding was never reduced to judgment. The fact that the criminal aspects of the case were reduced to a sentence and therefore, provided a final judgment from which to appeal does not alter the fact that the civil portion of the case was not reduced to judgment. The doctrine of res judicata has no application here.
 {¶ 20} Throughout the course of the proceedings, the trial court has had jurisdiction over the civil sexual predator issue. Therefore, upon remand following appellant's first appeal, the trial court had the opportunity to review the factual findings of the first trial judge and complete the judicial process by journalizing the sexual predator finding, or to conduct a new sexual predator hearing. Each of appellant's citations of authority, including Pitts, supra, involved final judgments. Because there never has been a final appealable order entered in the civil sexual predator classification, none of the cases cited by appellant has any bearing on this case.
 {¶ 21} Although the trial court retained jurisdiction to journalize the sexual predator classification made by the original trial judge, nevertheless, we must dismiss the state's cross-appeal in this case. While the duty of a court to journalize its decisions is clear under Sup.R. 7(A), procedendo, not appeal, is appropriate where a court has either refused to render judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Crandall, Pheils Wisniewski v.DeCessna (1995), 73 Ohio St.3d 180, 184. An "inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy." State ex rel. Levin v. SheffieldLake (1994), 70 Ohio St.3d 104, 110. Procedendo may issue from a court of superior jurisdiction to compel a court of inferior jurisdiction to journalize a decision. State ex rel. Grove v. Nadel (1998),81 Ohio St.3d 325. Here, the trial court has failed to reduce to judgment the decision in which appellant was found to be a sexual predator. Procedendo, not appeal, would be the proper remedy for cross-appellant in this case.
 {¶ 22} As we previously held, because the decision to classify appellant as a sexual predator was never journalized, there is no final appealable order and we lack jurisdiction to proceed with the cross-appeal. Therefore, the cross-appeal is dismissed.
Appeal dismissed.
BRYANT and KLATT, JJ., concur.
[1] Appellant's sentence and first appeal pre-dated State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, which declared unconstitutional, the judicial fact-finding required by R.C. 2929.14(D).Foster was decided on February 27, 2006.
[2] The trial court stated: "Well, at this time, Ms. Scozzie, the Court is not going to address that at this time either based upon the fact that this was a remand from the Court of Appeals, this court is addressing the issue on remand." (Tr. at 15.)
[3] Certain offenses are exempt from registration. Appellant's crimes of rape and unlawful sexual conduct with a minor are not exempt from registration.
[4] We held: "Defendant's second assignment of error asserts the trial court erred in concluding defendant is a sexual predator. Because the trial court has not journalized its decision finding defendant to be a sexual predator, we lack a final appealable order. See R.C. 2505.02
(limiting the jurisdiction of the court of appeals to final judgments). Accordingly, that aspect of defendant's appeal is dismissed." State v.Ronan (Sept. 27, 2005), Franklin App. No. 04AP-1387, 2005-Ohio-5088, at ¶ 8.