OPINION
{¶ 1} Defendant-appellant, Floyd B. Morgan, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of importuning in violation of R.C. 2907.07, a felony of the fifth degree. Defendant assigns three errors:
 FIRST ASSIGNMENT OF ERROR
 THE CONVICTION SHOULD BE REVERSED BECAUSE THE EVIDENCE TO SUPPORT THE CHARGE WAS INSUFFICIENT AS A MATTER OF LAW. *Page 2 
 SECOND ASSIGNMENT OF ERROR
 BECAUSE THE EVIDENCE SHOWED THAT APPELLANT CONSISTENTLY REAFFIRMED THAT HE ONLY WANTED TO MEET VMELESA AS "FRIENDS," THE CONVICTION SHOULD BE REVERSED AS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 THIRD ASSIGNMENT OF ERROR
 THE FINDING THAT APPELLANT WAS A SEXUALLY ORIENTED OFFENDER SHOULD BE REVERSED BECAUSE THE TRIAL COURT LACKED JURISDICTION TO CONDUCT THE HEARING.
Because defendant's first and second assignments of error are untimely, and because his third assignment of error presents no basis for an appeal, we dismiss defendant's appeal.
 {¶ 2} By indictment filed October 7, 2004, defendant was charged with one count of importuning, arising out of internet communication with police officers posing as a 14-year-old girl. Defendant waived a jury trial and was guilty of the charged offense in a bench trial. In a judgment entry filed September 26, 2005, the trial court sentenced defendant, ordering three years of community control, including 100 hours of community service, a term of drug and alcohol abuse monitoring, and no contact with the internet. On the same day, the trial court filed a "Notice of Right to Appeal" that both defendant and his attorney signed, advising defendant of the right to appeal the trial court's judgment. Defendant did not file a notice of appeal.
 {¶ 3} On March 1, 2006, defendant filed a motion for leave to appeal, contending he was "incorrectly and unforgivably intimidated away from filing a timely notice of appeal." While the motion was pending, the state filed a motion for revocation or *Page 3 
modification of defendant's community control sanction. The state contended that, contrary to the terms of his community control sanctions that required defendant to comply with the law, defendant was violating the law that required a sexually oriented offender to register for a period of ten years. Acknowledging that defendant appeared not to have been notified of the registration duties, the state requested that the court set the matter for a revocation or mediation hearing, at that time notify defendant of the registration requirements, and then resentence defendant to community control with a condition that he comply with registration duties.
 {¶ 4} Pursuant to the state's motion and an agreement between the parties, the trial court held a resentencing hearing on May 25, 2006, accepting evidence to determine defendant's status under R.C. Chapter 2950. By judgment entry filed on May 30, 2006, the trial court determined defendant to be a sexually oriented offender and reimposed the same sentence originally established in the September 26, 2005 judgment entry.
 {¶ 5} On May 23, 2006, this court overruled defendant's App.R. 5(A) motion for leave to appeal, concluding "[defendant's delay in filing his motion for leave to appeal, without justifiable explanation, is unreasonable." On June 16, 2006, defendant filed a notice of appeal from the trial court's May 30, 2006 judgment entry.
 {¶ 6} On August 17, 2006, defendant filed an "Amended Notice of Appeal," seeking to include judgments rendered on August 1, 2005, February 25, 2005, and May 30, 2005. The next day the state filed a motion to strike defendant's amended notice of appeal, noting (1) defendant did not seek leave to appeal; (2) an appeal from the noted judgment entries would be untimely; and (3) the record contained no judgment entries *Page 4 
dated February 25, 2005 or May 30, 2005. On September 18, 2006, this court granted the state's motion to strike, specifying both that defendant did not seek leave to appeal and that the amended notice, on its face, indicated an untimely filing.
 {¶ 7} On October 8, 2006, defendant filed a motion for leave to file an amended notice of appeal; the attached notice of appeal referenced the same three 2005 judgments. The state filed a memorandum contra, pointing out that the only judgments entered in the case are dated September 26, 2005 and May 30, 2006, rendering the amended notice of appeal not only untimely but inaccurate. On October 16, 2006, this court denied defendant's motion for leave to file an amended notice of appeal, stating that because this court on May 23, 2006 denied defendant's motion for leave to file a delayed appeal from the court's original September 26, 2005 judgment, defendant's attempt to amend the notice of appeal to include that judgment was unavailing.
I. First and Second Assignments of Error {¶ 8} Defendant's first two assignments of error challenge the sufficiency and weight of the evidence supporting the trial court's judgment finding him guilty of importuning. Defendant's appeal, however, is untimely. The trial court's original judgment entry of September 26, 2005 adjudicated defendant's guilt on the indicted offense. Defendant did not timely appeal from that judgment. When defendant sought leave to file a delayed appeal, this court found defendant failed to meet the requisites of App.R. 5(A) because he was unable to set forth a justifiable explanation for his failure to timely appeal. Absent appeal, the trial court's adjudication of guilt became final. *Page 5 
 {¶ 9} Defendant attempts to revitalize his foregone opportunity to appeal by relying on the subsequent proceedings in May 2006. During the course of those proceedings, and on agreement of the parties, the trial court conducted an entirely new resentencing hearing, including a determination of whether defendant was a sexual predator. Defendant apparently asserts his appeal is timely not only as to the resentencing, but as to the underlying finding of guilt as well.
 {¶ 10} Contrary to defendant's contentions, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 16. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant ** * on appeal from that judgment." (Emphasis sic.) Id. at ¶ 17, quotingState v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. As the court explained, "the doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which defendant already received a full or fair opportunity to be heard." Id. at ¶ 18.
 {¶ 11} Applying those principles, the Supreme Court determined that if "a defendant fails to appeal the sentence for a certain offense, he cannot take advantage of an error in the sentence for an entirely separate offense to gain a second opportunity to *Page 6 
appeal upon resentencing. * * * Accordingly, a defendant who fails on direct appeal to challenge the sentence imposed on him for an offense is barred by res judicata from appealing that sentence following a remand for resentencing on other offenses." Id. at ¶ 19.
 {¶ 12} In the same way, a defendant who fails to appeal his conviction for a certain offense cannot take advantage of an alleged error in resentencing to gain a second opportunity to appeal the finding of guilt. Here, defendant failed to appeal the September 26, 2005 judgment entry. His timely appeal from the May 30, 2006 entry does not resurrect alleged errors which could have been, but were not, timely appealed following the September 26, 2005 judgment entry. Because defendant's first two assignments of error do not address any alleged error in the May 2006 proceedings, but rather attempt to use the May 2006 proceedings as a vehicle to garner a second opportunity for review of the September 2005 judgment entry, defendant's argument fails under the rationale ofSaxon.
 {¶ 13} To the extent defendant suggests the September 2005 judgment entry was not a final and appealable order because it lacked a decision on defendant's status under R.C. Chapter 2950, his contentions are unpersuasive. In State v. Ronan, Franklin App. No. 06AP-63,2007-Ohio-168, defendant appealed not only his conviction, but the trial court's oral announcement that defendant was a sexual predator. On appeal, the state conceded error in sentencing, and we remanded the case to correct that error. We, however, dismissed that aspect of the appeal challenging the sexual predator determination because it was never reduced to a final judgment. *Page 7 
 {¶ 14} On remand, the trial court resentenced defendant, but refused to journalize a judgment on the sexual predator determination. Defendant again appealed, but dismissed the appeal, concluding the trial court likely would impose the same sentence on any resentencing undertaken pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The state nonetheless pursued its cross-appeal, contending the trial court erred in failing to journalize defendant's sexual predator designation.
 {¶ 15} In responding to the state's assignment of error, the defendant asserted that under the doctrine of res judicata, the trial court was precluded from determining whether he was a sexual predator because of the final judgment of conviction and sentence. Rejecting that contention, this court concluded that "because the non-punitive, civil, sexual predator finding was never reduced to judgment," res judicata could not apply. Ronan, supra, at ¶ 19. At the same time, this court observed that "[t]he fact that the criminal aspects of the case were reduced to a sentence and therefore, provided a final judgment from which to appeal does not alter the fact that the civil portion of the case was not reduced to judgment." Id.
 {¶ 16} Applying that analysis here, we similarly conclude the trial court's conviction and sentence journalized in the September 26, 2005 judgment entry constituted a final judgment as to that aspect of the case. Although no sexual predator hearing was conducted, much less a determination made, the trial court's failure to conduct that portion of the proceedings did not negate the finality of defendant's conviction and sentence nor subject them to an appeal once the sexual predator determination was journalized. *Page 8 
 {¶ 17} In the end, because defendant failed to timely appeal from the September 26, 2005 judgment entry, his attempts to do so through his June 16, 2006 notice of appeal are ineffective. In the absence of a timely appeal from the September 16, 2005 judgment entry, we lack jurisdiction to determine defendant's first and second assignments of error. Ditmars v. Ditmars (1984), 16 Ohio App.3d 174 (holding that a timely notice of appeal is jurisdictional). Defendant's first and second assignments of error are dismissed as untimely.
II. Third Assignment of Error {¶ 18} Defendant's third assignment of error contends the trial court erred in concluding he is a sexually oriented offender. This court addressed a similar contention in State v. Zerla, Franklin App. No. 04AP-1087, 2005-Ohio-5077, where the defendant appealed his designation as a sexually oriented offender. As here, the state in Zerla argued defendant had no basis on which to appeal because the final order he appealed did not aggrieve defendant.
 {¶ 19} To appeal his sexually oriented offender designation, defendant must demonstrate he is an aggrieved party. Ohio Contract Carriers Assn.v. Public Util. Comm. (1942), 140 Ohio St. 160, syllabus. An aggrieved party is one whose interests or rights are affected adversely as a result of the trial court's judgment. Tschantz v. Ferguson (1989),49 Ohio App.3d 9, 13.
 {¶ 20} When the trial court determined defendant, who by law is not an habitual sex offender, also is not a sexual predator, his status as a sexually oriented offender arose by operation of law.State v. Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169, *Page 9 
paragraph two of the syllabus. While the trial court engaged in "the ministerial act of rubber-stamping the registration requirement" on defendant, it did not impose the designation; the relevant statute did. Id. at ¶ 16. Because the trial court only determined defendant is not a sexual predator, a conclusion that benefits, not aggrieves, defendant, defendant lacks standing to contest the sexually oriented offender designation, and we dismiss his third assignment of error. State v.Moyers (2000), 137 Ohio App.3d 130, 134.
 {¶ 21} Having dismissed all three of defendant's assignments of error, we dismiss defendant's appeal. Appeal dismissed.
 SADLER, P.J., and McGRATH, J., concur. *Page 1