OPINION
{¶ 1} Defendant, Ronald E. Dudley, appeals from the judgment of the Franklin County Court of Common Pleas, resentencing him on the mandate of the Supreme Court of Ohio pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 2} The facts of this case are set forth in detail in State v.Dudley, Franklin App. No. 05AP-144, 2005-Ohio-6503 at ¶ 4-21, and need not be repeated in full here. Briefly stated, the victim followed defendant in their respective vehicles on a late night errand to buy beer. Defendant eventually lured the victim into his vehicle by claiming that he had acquired the beer. Once the victim entered defendant's vehicle, defendant locked the *Page 2 
doors and forced the victim at knife point to perform fellatio on him. Defendant also threatened the victim with a club.
 {¶ 3} Following a jury trial, defendant was found guilty of rape and kidnapping. The trial court merged those two offenses for sentencing purposes and sentenced defendant to the maximum allowable prison term, ten years, for rape. The trial court also classified defendant as a sexual predator, but that finding was not included in the court's June 24, 2003 judgment entry.
 {¶ 4} Defendant timely appealed to this court from his conviction and sentence, but we dismissed that appeal for want of a final, appealable order because of the trial court's failure to journalize its sexual predator finding. State v. Dudley, Franklin App. No. 03AP-744,2004-Ohio-5661. On January 14, 2005, the trial court resentenced defendant. The trial court imposed the same ten-year sentence and classified defendant as a sexual predator. Both the sentence and sexual predator finding were journalized in a judgment entry. Defendant appealed to this court and we affirmed both defendant's conviction and sentence. State v. Dudley, Franklin App. No. 05AP-144, 2005-Ohio-6503.
 {¶ 5} Defendant appealed to the Supreme Court of Ohio. The Supreme Court of Ohio accepted his case for review. On May 3, 2006, the Supreme Court of Ohio reversed defendant's sentence and remanded the case for resentencing pursuant to Foster. In re Ohio Criminal Sentencing StatutesCases, 109 Ohio St. 3d 313, 2006-Ohio-2109.
 {¶ 6} Prior to resentencing, on May 18, 2006, defendant filed a pro se motion for a new trial based upon a claim that his trial counsel was ineffective for having failed to introduce at trial a document which reflects information broadcast to police vehicles by the police dispatcher indicating that the victim knew her assailant's name, which contradicts *Page 3 
the victim's testimony at trial. The trial court denied defendant's motion for a new trial on August 9, 2006.
 {¶ 7} Defendant subsequently filed a pro se motion for reconsideration of the trial court's decision denying his motion for a new trial. Defendant's motion for reconsideration was filed on August 25, 2006, the same day defendant was resentenced in accordance with the Supreme Court of Ohio's mandate. At that resentencing hearing, the trial court again imposed the same ten-year sentence as before, and again classified defendant as a sexual predator. The court also held a hearing and heard argument on defendant's motion to reconsider his request for a new trial, following which the trial court denied that motion.
 {¶ 8} When defendant expressed a desire to appeal the August 25, 2006 judgment, counsel was appointed for that purpose. However, a timely notice of appeal was never filed. On December 21, 2006, defendant filed a notice of appeal and a motion seeking leave to file a delayed appeal from the resentencing held on August 25, 2006. On February 6, 2007, we granted defendant leave to file a delayed appeal.
 FIRST ASSIGNMENT OF ERROR
 DEFENSE COUNSEL'S ACTIONS AND OMISSIONS AT MR. DUDLEY'S TRIAL AND SENTENCING HEARING DEPRIVED HIM OF THE EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 9} In his first assignment of error defendant raises two separate issues. Defendant first complains that his counsel performed in a constitutionally deficient manner at the August 25, 2006 resentencing hearing. We shall separately address that issue below. Defendant further argues that his trial counsel rendered ineffective assistance *Page 4 
during defendant's 2003 trial. We shall address that issue in conjunction with defendant's second, third and fourth assignments of error. *Page 5 
 Ineffective Counsel at the August 25, 2006 Resentencing Hearing {¶ 10} Defendant's motion for a new trial was based upon a police dispatch that contained information broadcast to police vehicles by the police dispatcher which identified a "Robert Dudley" as the suspect in this case. Defendant claims that although his counsel at trial had this document marked as an exhibit, counsel failed to use the document or have it admitted into evidence, even though the document would have helped exonerate him because it contradicted (impeached) both the victim's testimony that she did not know her assailant's name and Officer Paden's testimony that he did not know the name of the suspect he was searching for because the victim was unable to provide a name. The trial court denied defendant's motion for a new trial on August 9, 2006, but on the same day that defendant's resentencing hearing was held, August 25, 2006, defendant filed a pro se motion for reconsideration of his motion for a new trial.
 {¶ 11} Defendant argues that his counsel performed deficiently at the August 25, 2006 resentencing hearing because he did not argue defendant's motion to reconsider the motion for a new trial. Instead, counsel simply reminded the trial court of defendant's pending motion and stated: "this is his motion, not mine, and he will present whatever after we're done with the sentencing." Defendant himself then argued the merits of his motion to reconsider his request for a new trial.
 {¶ 12} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively *Page 6 
demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different. Id.,State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 13} A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. Strickland, at 697;Bradley, at 143. If an ineffective assistance of counsel claim is more readily rejected for lack of sufficient prejudice, that alternative should be followed. Id.; State v. Winterbotham (Aug. 4, 2006), Greene App. No. 05CA100, 2006-Ohio-3989.
 {¶ 14} At the August 25, 2006 resentencing hearing, defendant repeatedly claimed that his motion for a new trial was not based upon "newly discovered evidence." Therefore, in accordance with Crim.R. 33(B), defendant's motion for a new trial, in order to be timely, had to be filed within 14 days after the verdict, unless it is made to appear by clear and convincing evidence that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion must be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from timely filing the motion.
 {¶ 15} Defendant never requested that the trial court find whether he was unavoidably prevented from timely filing his motion for a new trial. The verdict in this case was rendered on June 4, 2003. Defendant's pro se motion for a new trial was filed nearly three years later, on May 18, 2006. Defendant's motion for a new trial was obviously untimely. That is also true even if defendant's motion for a new trial is based upon a claim of newly discovered evidence, because defendant's motion was still not filed within 120 days after the verdict, as required by Crim.R. 33(B). *Page 7 
 {¶ 16} In its August 9, 2006 decision denying defendant's motion for a new trial, the trial court found that defendant had not demonstrated that the document in question would have been valuable for anything other than impeachment, or that there was a strong probability that the outcome of the trial would have been different had the document been admitted at trial. We agree. The document would, at best, be useful to impeach the victim and one of the responding police officers. It does not exonerate defendant. Neither does it create a strong probability that it would have changed the result of the trial had the document been admitted in evidence. Therefore, the requirements that must be met before a motion for a new trial may be granted are not satisfied.State v. Petro (1947), 148 Ohio St. 505. Accordingly, the trial court did not abuse its discretion in denying defendant's motion for a new trial. State v. Schiebel (1990), 55 Ohio St.3d 71.
 {¶ 17} Under those circumstances, where the motion for a new trial is untimely and does not satisfy the requirements for being granted a new trial, the motion is devoid of merit, and counsel does not perform deficiently by failing to argue defendant's pro se motion to reconsider the trial court's decision denying that motion for a new trial. Ineffective assistance of counsel has not been demonstrated.
 Ineffective Assistance of Counsel during the 2003 Trial SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN LABELING MR. DUDLEY A SEXUAL PREDATOR. *Page 8 
 THIRD ASSIGNMENT OF ERROR
 MR. DUDLEY'S FEDERAL SIXTH AMENDMENT RIGHTS TO COUNSEL WERE VIOLATED AS HE WAS NOT ALLOWED TO HAVE HIRED COUNSEL REPRESENT HIM AT TRIAL.
 FOURTH ASSIGNMENT OF ERROR
 DID CUMULATIVE HARMLESS ERRORS WARRANT REVERSAL AND NEW TRIAL.
 {¶ 18} In the second portion of his first assignment of error, defendant argues that his counsel at his 2003 trial performed deficiently in several different ways. He contends that his counsel failed to object to the portion of the State's closing argument in which the prosecutor vouched for the credibility of the victim; that counsel also failed to object to the "Howard" charge (State v. Howard [1989],42 Ohio St.3d 18), that the trial court gave the jury; that counsel failed to offer certain evidence that defendant wanted introduced at the trial, such as diagrams and photographs of the area where the crime occurred and the testimony of an alibi witness (Defendant's girlfriend); that counsel failed to seek sanctions for a discovery violation, the State's late disclosure of blood test evidence; and, that counsel failed to request any jury instructions on lesser included offenses.
 {¶ 19} In his second assignment of error defendant argues that the trial court erred in designating him a sexual predator. In his third assignment of error defendant argues that the trial court violated his Sixth Amendment rights by not allowing defendant to be simultaneously represented at trial by both appointed and retained counsel. In his fourth assignment of error defendant argues that the cumulative effect of the errors occurring during his trial deprived him of a fair trial. *Page 9 
 {¶ 20} All of these issues are now barred from consideration and are not subject to review pursuant to the doctrine of res judicata. Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by defendant at the trial, or on an appeal from that judgment of conviction. State v. Morgan (Apr. 10, 2007), Franklin App. No. 06AP-620, 2007-Ohio-1700 at ¶ 10, citing State v. Perry (1967),10 Ohio St.2d 175 at paragraph nine of the syllabus. See, also, State v.Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245 at ¶ 16.
 {¶ 21} The "voucher" issue, the Howard charge issue, and the sexual predator classification issue were all previously raised and litigated in defendant's direct appeal from his conviction and sentence. SeeState v. Dudley, Franklin App. No. 05AP-144, 2005-Ohio-6503 at ¶ 54, 65 and 83. The prior judgment on those issues was "valid," because the Supreme Court of Ohio's reversal and remand was limited to the matter of sentencing. Res judicata therefore prevents those other issues from being re-litigated again in a subsequent proceeding. Id. All of the further issues presented in these assignments of error could have been raised on direct appeal from defendant's conviction and sentence in case No. 05AP-144, and therefore they also are now res judicata and not subject to review in subsequent proceedings. Saxon; Perry; Morgan. See, also, State v. D'Ambrosio (1995), 73 Ohio St.3d 141, 143.
 {¶ 22} Defendant's first, second, third, and fourth assignments of error are overruled. *Page 10 
 FIFTH ASSIGNMENT OF ERROR
 DID THE TRIAL COURT ERR WHEN IT DENIED MR. DUDLEY'S MOTION FOR A NEW TRIAL PREDICATED UPON NEWLY DISCOVERED EVIDENCE.
 {¶ 23} Defendant argues that the trial court erred when, at the August 25, 2006 resentencing hearing, the court denied his motion for reconsideration of the court's earlier ruling denying his motion for a new trial. Defendant now claims that the police dispatch document upon which his motion for a new trial is based constitutes "newly discovered evidence."
 {¶ 24} Motions for a new trial are addressed to the sound discretion of the trial court and the court's ruling will not be disturbed on appeal absent an abuse of discretion. Schiebel, supra. An abuse of discretion means more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the court. State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 25} Defendant acknowledges that his trial counsel possessed the police dispatch document that is the basis for his motion for a new trial. Accordingly, that evidence is obviously not "newly discovered" since the trial, and the trial court correctly so found in overruling Defendant's motion for a new trial. State v. Murrell, Hamilton App. No. C-020333, 2003-Ohio-2068. Furthermore, as we have already concluded in overruling the first portion of defendant's first assignment of error, defendant's motion for a new trial was untimely, and in any event did not satisfy the requirements for a new trial based upon newly discovered evidence. The police dispatch document was, at best, useful merely to impeach or contradict the testimony of the victim and one of the responding police officers, and does not portray a strong probability that it would have changed the outcome *Page 11 
of the trial if it had been admitted at trial. Petro, supra. Under those circumstances, the trial court did not abuse its discretion in denying defendant's motion for a new trial.
 {¶ 26} Defendant's fifth assignment of error is overruled.
 SIXTH ASSIGNMENT OF ERROR
 APPELLANT WAS INCORRECTLY SENTENCED TO FIRST DEGREE KIDNAPPING IN CONTRAVENTION OF R.C. 2945.75.
 {¶ 27} Defendant was convicted of kidnapping in violation of R.C.2905.01. A violation of that section is a felony of the first degreeunless the offender releases the victim in a safe place unharmed, in which case kidnapping is reduced to a felony of the second degree. R.C.2905.01(C).
 {¶ 28} R.C. 2945.75 provides:
 (A) When the presence of one or more additional elements makes an offense one of more serious degree:
 (1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise, such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.
 (2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.
 {¶ 29} Defendant argues that he was improperly convicted and sentenced for first degree felony kidnapping because the verdict form did not include either the degree of the offense of which defendant was convicted or a statement that the additional aggravating element making the offense one of more serious degree was found to be present by the jury. State v. Pelfrey, 112 Ohio St.3d 422, 2007-Ohio-256. *Page 12 
 {¶ 30} Unlike Pelfrey, the degree of the offense at issue in this case was not made more serious by the presence of an additional aggravating element. Just the opposite is true. This offense becomes less serious when the additional element is present.
 {¶ 31} Defendant's offense of kidnapping is not a felony of the second degree which is elevated to a felony of the first degree if defendant fails to release the victim in a safe place unharmed. Rather, defendant's offense of kidnapping under any and all circumstances in R.C. 2905.01(A) and (B) constitutes a felony of the first degree. Only if defendant releases the victim in a safe place unharmed does the offense then become a second degree felony. R.C. 2905.01(C). Accordingly, by its very terms, R.C. 2945.75(A) and the rule ofPelfrey does not apply to this situation.
 {¶ 32} In any event, we note that defendant was never sentenced on the kidnapping offense because the trial court merged that offense and defendant's rape conviction for sentencing purposes and the State elected to have defendant sentenced on the rape charge, whereupon the trial court imposed a ten-year sentence only for the rape charge. Therefore, defendant suffered no prejudice from the error assigned, which did not occur in any event.
 {¶ 33} Defendant's sixth assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 WOLFF and BROGAN, JJ., concur. Judge James A. Brogan, Judge William H. Wolff, Jr., and Judge Thomas J. Grady of the Second Appellate District, sitting by assignment in the Tenth Appellate District. *Page 1