OPINION
{¶ 1} Defendant-appellant, Dustin M. Christian ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas convicting him of one count of unlawful sexual conduct with a minor entered upon appellant's plea of guilty to the same.
 {¶ 2} On August 17, 2006, appellant was indicted for three counts of unlawful sexual conduct with a minor, all in violation of R.C. 2907.04, and all being felonies of the fourth degree. The charges herein stem from appellant having a sexual relationship with J.M.[1] At the time of the offenses, appellant was 19 years old and J.M. was 14 years old. *Page 2 
On December 11, 2006, appellant entered a plea of guilty to one count of the indictment, and the remaining counts were dismissed. A pre-sentence investigation was ordered, and a sentencing hearing was scheduled for February 1, 2007. Appellant, however, failed to appear for sentencing on that date. Appellant did appear for sentencing almost a year later, on January 31, 2008. By this time revised R.C. Chapter 2950 had gone into effect, and appellant was classified as a Tier II sex offender pursuant to the statute.[2]
 {¶ 3} At sentencing, appellant was placed under community control and ordered to serve 120 days in the Franklin County Jail. It was recognized at sentencing that classification in the Tier II sex offender category was automatic because of the offense of which appellant was convicted, and it was not a matter of judicial discretion.
 {¶ 4} Appellant now appeals and brings the following seven assignments of error for our review:
 FIRST ASSIGNMENT OF ERROR: Application of the provisions of Senate Bill 10 to those convicted of offenses committed before its January 1, 2008 effective date, but sentenced after that date, violates the ban on ex post facto lawmaking by the states set forth in Article I, Section 10 of the United States Constitution.
 SECOND ASSIGNMENT OF ERROR: Application of the provisions of Senate Bill 10 to those convicted of offenses committed before its January 1, 2008 effective date, but sentenced after that date, violates the ban on retroactive laws set forth in Article II, Section 28, of the Ohio Constitution. *Page 3 
 THIRD ASSIGNMENT OF ERROR: Senate Bill 10's tier system of classification violates the Separation of Powers Doctrine.
 FOURTH ASSIGNMENT OF ERROR: The residency restrictions within Chapter 2950, as amended, violate the substantive due process provisions of the United States Constitution and Article I, Section 16 of the Ohio Constitution. Furthermore, such restrictions violate the privacy guarantee of Article I, Section 1 of the Ohio Constitution.
 FIFTH ASSIGNMENT OF ERROR: Retroactive application of S.B. 10 violates the procedural due process guarantees of the state and federal constitutions.
 SIXTH ASSIGNMENT OF ERROR: Retroactive application of S.B. 10 violates the Double Jeopardy Clauses of the United States Constitution's Fifth Amendment and Article I, Section 10 of the Ohio Constitution. SEVENTH ASSIGNMENT OF ERROR: Senate Bill 10 as applied to appellant constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.
 {¶ 5} Before we can address the merits of appellant's appeal, we must first address the state's argument that because appellant was not aggrieved by the final order from which he now appeals, appellant has no basis upon which to appeal and assert the assigned errors that relate to his classification as a Tier II sex offender.
 {¶ 6} As this court stated in State v. Zerla, Franklin App. No. 04AP-1087, 2005-Ohio-5077, discretionary appeal not allowed:
 An "[a]ppeal lies only on behalf of a party aggrieved by the final order appealed from." Ohio Contract Carriers Assn., Inc. v. Public Utils. Comm. (1942), 140 Ohio St. 160, syllabus. An appellant is "aggrieved" only if a trial court's judgment adversely affects or injures his interests or rights. Franklin Cty. Regional Solid Waste Mgt. Auth. v. Schregardus (1992), 84 Ohio App.3d 591, 599; Tschantz v. Ferguson (1989), 49 Ohio App.3d 9, 13. Thus, under common law, a party can only *Page 4 
exercise the right to appeal if he can demonstrate that: (1) he has a present interest in the subject matter of the litigation, and (2) the judgment of the trial court prejudiced that present interest. City of Willoughby Hills v. C.C. Bar's Sahara, Inc. (1992), 64 Ohio St.3d 24, 26; In re Guardianship of Love (1969), 19 Ohio St.2d 111, 113.
Id. at ¶ 6.
 {¶ 7} In Zerla, the defendant appealed from the trial court's entry that did not classify the defendant as a sexual predator but, rather, classified him as a sexually oriented offender. This court noted that the defendant's status as a sexually oriented offender arose by operation of law and not as a result of the trial court's judgment. Though the trial court's judgment entry indicated Zerla was a sexually oriented offender, and that Zerla was required to register, the entry "merely reiterates the label and requirements already imposed by operation of law." Id. at ¶ 8, citing State v. Hampp (July 17, 2000), Ross App. No. 99CA2517. Because the only judicial determination was the finding of Zerla not to be a sexual predator, and this benefited, not aggrieved him, this court held Zerla had no standing to appeal from the trial court's decision and entry. "Other than `the ministerial act of rubber-stamping the registration requirement on the offender,' the trial court plays no role in the imposition of the sexually oriented offender designation." Id. at ¶ 7, quoting State v. Hayden, 96 Ohio St.3d 211,2002-Ohio-4169, at syllabus paragraph two ("If a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D), and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law."); see, also, State v. Morgan, Franklin App. No. 06AP-620, 2007-Ohio-1700
(because the defendant's status as a sexually oriented offender arose by operation of law, the trial court *Page 5 
did not impose the designation, the relevant statute did, and the assignment of error relating to his classification was dismissed);State v. Green (Dec. 12, 2001), Hamilton App. No. C-010503 (because Green's status as a sexually oriented offender arose by operation of law, his classification as a sexually oriented offender was not properly appealable because it did not result from a judgment and the appeal was dismissed); State v. Moyers (2000), 137 Ohio App.3d 130 (the defendant was classified as a sexually oriented offender by operation of statute, not by court judgment; therefore, the court did not consider any of the assigned errors alleging various constitutional violations);Hampp, supra (the appeal was dismissed because defendant's status as a sexually oriented offender arose by operation of law, not by court action).
 {¶ 8} Although the sentencing entry indicates appellant is classified as a Tier II sex offender and that defendant has to register, the trial court, like that in Zerla, is doing nothing more than reiterating the requirements already imposed by operation of law. Because R.C. Chapter 2950's revisions had already been implemented at the time of appellant's sentencing, the trial court made no judicial determination with respect to appellant's classification as a Tier II sex offender.
 {¶ 9} Further, to the extent appellant contends the trial court used its discretion in deciding to sentence him under Senate Bill 10 as opposed to Senate Bill 5, we disagree. At sentencing, appellant's counsel stated, "I just want to object to him being classified as a Tier II Sexual Offender as we believe he would have been classified as a Sexually Oriented offender under the old system." (Jan. 31, 2008 Tr. at 5.) Maybe if appellant had appeared at his scheduled sentencing in February 2007, or anytime prior to January 1, 2008, his classification would have been different. However, as the state said at *Page 6 
sentencing, the General Assembly passed Senate Bill 10 and it was in effect at the time of appellant's hearing on January 31, 2008. Pursuant to that statute, Senate Bill 10 was applicable because of appellant's sentencing date, and the trial court had no discretion not to apply the current version of the statute.
 {¶ 10} Upon review, we find appellant, like Zerla, has no standing to assert his stated assignments of error in the current proceeding. There are, however, other adequate legal avenues by which appellant's constitutional concerns may be addressed, such as a declaratory judgment action. Nonetheless, because there is no standing to do so from the judgment at issue here, we dismiss the instant appeal.
Appeal dismissed.
KLATT, J., concurs.
BRYANT, J., dissents.
[1] For purposes of anonymity due to J.M.'s status as a minor, her initials are being used in this opinion.
[2] In 2006, Congress enacted the Adam Walsh Act, which defines a sex offense and establishes three tiers of offenders. Classification turns solely on the offense of conviction. As a result of the Adam Walsh Act, Ohio passed Senate Bill 10, which reorganized Ohio's sex offender registration scheme. Senate Bill 10, like the Adam Walsh Act, created three tiers to which offenders are assigned based largely on the offense of conviction and/or the number of convictions. As of January 1, 2008, Tier II sex offenders, which is what appellant is classified herein, are required to register for 25 years and periodically verify every 180 days.