{¶ 11} Being unable to agree with the majority, I respectfully dissent.
 {¶ 12} Relying on this court's decision in State v. Zerla, Franklin App. No. 04AP-1087, 2005-Ohio-5077, discretionary appeal not allowed,108 Ohio St.3d 1474, 2006-Ohio-665, the majority concludes that because appellant's Tier II classification arises by operation of law from his underlying conviction, appellant has no basis to appeal.
 {¶ 13} I agree with the decision in Zerla. The trial court in that case determined Zerla was not a sexual predator. Nonetheless, his conviction meant he was classified by operation of law as a sexually oriented offender. This court concluded Zerla had no standing to appeal because: (1) the trial court made no decision other than to conclude *Page 7 
Zerla was not a sexual predator, a decision that did not aggrieve Zerla, and (2) his sexually oriented offender status arose without any action or decision of the trial court.
 {¶ 14} The facts here are different. Although appellant's classification as a Tier II offender arises by operation of law under the recently enacted legislation, his classification is not the issue on appeal. Instead, the issue is whether appellant's being classified pursuant to the new legislation amounts to a retroactive application of the newly enacted law as prohibited under Section 28, Article II, Ohio Constitution or any of the other constitutional provisions appellant both asserted in his objection in the trial court and cites in his assigned errors on appeal.
 {¶ 15} Unlike the facts in Zerla, the trial court here decided something that did not happen by operation of law: the court determined if not expressly, at least tacitly, that appellant's classification would be determined under the new law rather than the law existing at the time appellant committed the crime underlying his conviction. Appellant has a right to appeal the trial court's adverse decision and to have this court review the constitutionality of the trial court's decision.
{¶ l6} As a result, I conclude the trial court decided the retroactivity issue adversely to appellant, and appellant has standing to appeal that adverse decision. Because the majority concludes otherwise, I dissent. *Page 1